THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH MARK, Appellant.

Fourth Department, June 1, 1979

APPEARANCES OF COUNSEL

*Donald R. Alvarez* for appellant.

*Aldo Di Florio, District Attorney (Shavasp Hanesian* of counsel), for respondent.

## OPINION OF THE COURT

DOERR, J.

Defendant appeals from a judgment entered March 16, 1978 convicting him upon his plea of guilty to attempted criminal possession of a controlled substance in the sixth degree, a class E felony, under section 220.06 of the Penal Law. The plea was entered after denial of motions to suppress telephone conversations and other physical evidence.

Early in 1976, in an expanding probe into illegal drug traffic, the District Attorney secured orders from County Court authorizing the interception of telephone communications of several persons. Predicated upon those listenings the District Attorney on June 21, 1976 applied for a court order authorizing the tapping of a telephone in Lockport listed in defendant's name. The interception was authorized for 30 days subject to automatic termination when the described communication had been obtained, and in no event beyond July 20, 1976. The underlying affidavit used by the District Attorney in obtaining this order was based upon information and belief, his source being the additional affidavits of two police officers who were members of the Niagara County Drug Task Force. The substance of these affidavits and the events which gave rise to the application will not be detailed here for reasons which will be made clear below. The telephone sought to be tapped as defendant's was listed in the name of Donald J. Cornell although the application and subsequent authorization were in defendant's name. This information is contained in the supporting affidavit of one of the police officers. Cornell is described in such affidavit as an occupant of the apartment with defendant, but the record does not disclose an application or authorization to intercept calls on the telephone of Donald Cornell.

Based upon telephone conversations intercepted pursuant to court order at defendant's residence and other intercepted communications wherein there is no mention of the defendant by name or in any other manner, on July 7, 1976 one of the police officers made application to the County Court and

secured a search warrant for defendant's apartment, the persons of defendant and others named as well as all vehicles and outbuildings to which they may have immediate access. The warrant was executed on July 9, 1976 and as a result of the search the police seized contraband from the apartment, the garage and a truck in the garage. Defendant and four others were arrested.

After indictment and arraignment defendant timely moved to suppress all evidence seized as a result of the search warrant and further moved against the telephone interception order, seeking all supporting affidavits or documents in connection with the issuance thereof and all logs and records with respect to such eavesdropping. Defendant claims that the telephone communication intercept and the search warrant were obtained without probable cause and further asserts that prior to the court order authorizing the tap of the telephone at his apartment, a communication was intercepted in violation of section 250.05 of the Penal Law. It is not necessary to decide whether or not probable cause existed or whether there was in fact an illegal interception. There was statutory noncompliance of a nature which requires that the judgment of conviction be reversed and the motions to suppress granted.

Defendant was arraigned on November 22, 1976 and the People failed to furnish him with a copy of the eavesdropping warrant and accompanying application which authorized such interception within 15 days, as required by CPL 700.70. The statute provides that "[t]his fifteen day period may be extended by the trial court upon good cause shown if it finds that the defendant will not be prejudiced by the delay in receiving such papers." On January 6, 1977 the District Attorney moved to be relieved of the time limitation contained in that statutory mandate, claiming as "good cause" the fact that the statute had been amended and that he had not learned of the amendment until after expiration of the 15-day period. The court found the excuse acceptable and that defendant had suffered no prejudice as a result of the failure to serve him as required (see, contra, *People v Briggs,* 38 NY2d 319; *People v Iveys,* 67 AD2d 349; *People v Slater,* 53 AD2d 41). The statute was enacted on May 26, 1976, early enough to give the District Attorney ample notice of the changed requirements and no good cause existed justifying the court's order excusing this delay. Upon the failure of the People to comply with this section of the law, CPL 700.70

provides: "The contents of any intercepted communication, or evidence derived therefrom, may not be received in evidence or otherwise disclosed upon a trial of a defendant".

Defendant also moved to suppress all evidence obtained as a result of the eavesdropping warrant, based upon a failure by the People to comply with CPL 700.50 (subd 3), which provides that defendant should have been personally served "[w]ithin a reasonable time, but in no case later than ninety days after termination of an eavesdropping warrant" with "written notice of the fact and date of the issuance of the eavesdropping warrant, and of the period of authorized eavesdropping, and of the fact that during such period communications were or were not intercepted". While the People concede that defendant was not served as required by this statute, they again argued that he was not prejudiced thereby, and the trial court agreed.

Defendant then moved to suppress, based upon a failure of the People to comply with CPL 700.10, which in pertinent part provides: "2. No eavesdropping warrant may authorize or approve the interception of any communication for any period longer than is necessary to achieve the objective of the authorization". The defendant reasoned that if the police were in a position to proceed against him and secure a search warrant on July 7, 1976, which led to the seizure, arrest and indictments here under review, they had by that date achieved the objective of such authorization. Nevertheless, the record contains a transcript of conversations showing continued interception of defendant's telephone calls at least two days thereafter. Again the People argued and the court agreed that there was no prejudice to defendant by the failure to comply with this statutory requirement.

CPL article 700 and all its integral parts cannot be treated lightly or with cavalier disregard. Its legislative passage (first as Code Crim Pro, §§ 813-j—825) was required to conform to the detailed and restrictive provisions of the Omnibus Crime Control and Safe Streets Act of 1968 (US Code, tit 18, §§ 2510-2520) enacted by Congress to abate the exclusionary rule fashioned by the Supreme Court of the United States in a series of cases decided in the late 1960's (see *Lee v Florida,* 392 US 378; *Katz v United States,* 389 US 347; *Berger v New York,* 388 US 41). Without this conformity with the Federal act, wiretapping in New York would be illegal. The People's disregard of CPL article 700 requires that the judgment convicting the defendant be reversed, the motions made by

defendant to suppress be granted and the matter be remitted to County Court for further proceedings in accordance with this opinion.

SIMONS, J. P., HANCOCK, JR., SCHNEPP and MOULE, JJ., concur.

Judgment unanimously reversed, on the law, motions to suppress granted, and matter remitted to Niagara County Court for further proceedings on the indictments.