■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COUCH, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered September 26, 1977, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The defendant was arrested in connection with robberies which occurred at two Yonkers stores. Following his indictment, his attorney submitted an omnibus motion seeking, *inter alia,* discovery of statements made by the defendant to law enforcement officials. The District Attorney's responding papers asserted that the prosecution was unaware of any such statement and, as a result, that branch of the defendant's motion was denied as moot. Thereafter, the defendant posted bail and was released from custody. When he failed to appear in court, a bench warrant was issued for his arrest. Some 10 months later, on October 25, 1976, an agent of the United States Treasury Department arrested him in Virginia on an unrelated Federal charge. On May 6, 1977, following the defendant's return to New York, the District Attorney mailed to defense counsel a notice of intent pursuant to CPL 710.30 (subd 1). The notice stated only that the People intended to offer evidence of an oral statement allegedly made by the defendant on October 25, 1976, at 1:30 A.M. No further information was provided. The notice did not specify the substance of the statement or the name of the person to whom it was made. On August 10, 1977 a jury trial was commenced. The first witness called by the People was George Baxter, the treasury agent who had arrested the defendant in Virginia. Baxter testified that on October 25, 1976 he had advised the defendant of his constitutional *(Miranda)* rights and had thereafter questioned him concerning the pending New York robbery charges. According to Baxter, the defendant admitted that he and an armed accomplice had perpetrated a robbery at a grocery store and that he had subsequently jumped bail. Defense counsel vigorously objected to this testimony and moved for a mistrial primarily on the ground that he had received no notice that the prosecutor intended to offer evidence of a statement. The Trial Judge, however, relying on the affidavit of service annexed to the notice in the court file, found that such notice had in fact been served, and permitted the statement to be received in evidence. The

defendant was ultimately convicted of two counts of robbery in the first degree and he now appeals. We reverse. Under the facts of this case, the District Attorney's notice of intent should have included the substance of the alleged statement together with the circumstances under which it was made. (See *People v Rivera,* 73 AD2d 528; *People v Ludolph,* 63 AD2d 77; cf. CPL 710.30, subd 1.) This is especially so since the defendant's earlier discovery motion imposed a continuing obligation upon the District Attorney to disclose the defendant's statements as they became known to the prosecution. (See CPL 240.40.) Such disclosure would have afforded the defendant a reasonable opportunity to investigate matters relating to the voluntariness of his purported statement and to prepare his defense accordingly. (See *People v Briggs,* 38 NY2d 319.) In any event, faced with counsel's assertion at trial that he had not received notice, the court at the least should have afforded the defendant a hearing on the admissibility of the statement. (See CPL 710.40, subd 2.) Had such a hearing been held, the proof would have shown, as it did at trial, that the statement was elicited in violation of the defendant's right to counsel. At the time the defendant was interrogated in Virginia, he had already been indicted on the New York charges and counsel had appeared in the case on his behalf. Clearly, then, his purported waiver of counsel, made in the absence of an attorney, was ineffective and the statement should have been suppressed. (See *People v Hobson,* 39 NY2d 479; *People v Rogers,* 48 NY2d 167; *People v Settles,* 46 NY2d 154). Accordingly, the judgment is reversed, the defendant's statement is suppressed, and the case is remanded to the County Court for a new trial. Mollen, P. J., Damiani, Mangano and Martuscello, JJ., concur.