■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINETTE TOLENTINO, Appellant.—Appeals by defendant from two judgments of the Supreme Court, Kings County, both rendered November 18, 1977, convicting her of criminal sale of a controlled substance in the third degree (two counts), upon her pleas of guilty, and imposing sentences. By order dated August 20, 1979 this court remitted the case to Criminal Term to hear and report on defendant's motion to dismiss the indictments against her for denial of her right to a speedy trial pursuant to CPL 30.30 (subd 1, par [a]) and directed that the appeals be held in abeyance in the interim *(People v Tolentino,* 71 AD2d 934). Criminal Term has now complied. Judgments affirmed. No opinion. Hopkins, J. P., Damiani, Titone and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SAVERIO URCUIOLIO, Respondent.—Appeal by the People from (1) an order of the County Court, Suffolk County, dated September 29, 1979, which, upon the court's own motion, dismissed an indictment in the interest of justice and (2) an order of the same court, dated November 21, 1979, which denied reargument. Appeal from order dated November 21, 1979 dismissed. No appeal lies from such an order (see CPL 450.20). Order dated September 29, 1979 reversed, on the law and as a matter of discretion in the interest of justice, and indictment reinstated. In our opinion the circumstances of this case did not amount to an instance of "exceptionally serious misconduct" by the prosecution warranting dismissal of the instant indictment (see CPL 210.40, subd 1, par [e]). Damiani, J. P., Mangano, Rabin and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 21, 1978, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. CPL 710.30 (subd 1) provides, in part, that whenever the People intend to offer at trial "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered." In this case, the prosecution proceeded to introduce at trial identification testimony of the sort described above without having given the requisite notice and without showing good cause, pursuant to CPL 710.30 (subd 2), for its failure to give such notice. Defendant moved for a midtrial *Wade* hearing, but his motion was denied. Under the facts of this case, in the absence of service of the requisite notice, the identification testimony should not have been received at the trial. (See CPL 710.30, subd 3; *People v Slater,* 53 AD2d 41; cf. *People v Greer,* 42 NY2d 170; *People v Briggs,* 38 NY2d 319.) Hopkins, J. P., Damiani, O'Connor and Weinstein, JJ., concur.