OPINION OF THE COURT
Michael W. Duskas, J.
The defendant has by motion sought an order suppressing certain oral and written admissions or confessions alleged to have been made by defendant.
The facts are not disputed. The body of Frank C. Goodrich was discovered in a bedroom of his residence at 57 Elm Street in the Village of Potsdam, St. Lawrence County, on November 14, 1980, an apparent homicide by stabbing. Upon the ensuing investigation by the village police a felony complaint was filed in the Town Court of the Town of Potsdam, accusing the defendant with having committed murder in the second degree, and an arrest warrant was issued. Several days later, on November 24, 1980, law enforcement officers of the Monroe County Sheriff’s Department, State of Florida, arrested the defendant as a fugitive from justice, and after first rendering to the defendant the Miranda warning and obtaining his waiver of the right to counsel, the officers interrogated the defendant. He is alleged to have made oral and written admissions or confessions which the District Attorney of St. Lawrence County intends to introduce in evidence at trial.
It is assumed only for the purpose of determining the motion presented that the Miranda warning was fully *327 rendered, understood by the defendant, and that he knowledgeably waived his right to counsel. The People have conceded that there is no claim that any admission which the defendant is alleged to have made to the Florida police officers was a spontaneous utterance or statement.
The issue presented is whether or not an alleged confession obtained by the Florida police officers may be introduced into evidence at the trial of the indictment in this court.
The law of the State of New York clearly prohibits the interrogation by police officers of a person against whom formal charges have been filed in a court of this State, except where the defendant has been afforded counsel and has in the presence of such attorney waived his right to counsel (People v Settles, 46 NY2d 154; People v Samuels, 49 NY2d 218; People v Cunningham, 49 NY2d 203);* and, therefore, had the defendant been arrested in the State of New York and interrogated by police officers subsequent to their obtaining his waiver of the right to counsel, any admission obtained would be inadmissible. The case authorities cited above establish the law of New York in this regard — an uncounseled waiver by an accused of his right to legal counsel will not be deemed voluntary where it is made after that point where the right to counsel indelibly attaches to the defendant, which crucial moment is the commencement of a criminal action through the filing of a felony complaint.
Is the rule of New York inapplicable where a confession is obtained by a foreign State’s police officers subsequent to the commencement of the criminal action in a New York court?
In People v Couch (74 AD2d 582) the defendant was accused of robbery in New York, and released after posting bail. A Bench Warrant was issued when he failed to appear, and months later the defendant was arrested in Virginia on a Federal charge. The Federal agent advised the defendant of his Miranda rights and interrogated him concerning the robbery charges pending in New York. The Appellate Division, Second Department, in the post-Samu *328 els decision, held that the defendant’s right to counsel had been violated in these circumstances, since legal counsel had appeared on behalf of the defendant in the New York criminal proceedings, and therefore, the defendant’s purported waiver of counsel at the interrogation made in the absence of his attorney was ineffective and his statement should have been suppressed.
The defendant in the pending action had not retained legal counsel prior to his arrest and interrogation by the Florida authorities, and it is this fact which distinguishes the instant case from Couch; however, in light of the rule established by the Court of Appeals in the Settles and Samuels cases, it is the determination of this court that the purported admissions of the defendant, Goodrich, must be suppressed, as his right to legal counsel was invoked as a matter of law upon the filing of the felony complaint in the local criminal court, and which right could not be waived by the defendant without counsel then being present (cf. People v Graham, 90 Misc 2d 1019, mod 69 AD2d 544, application for lv to app den 48 NY2d 980, reconsideration den 49 NY2d 804).
Upon the findings and determination made in this decision it is unnecessary for the court to determine whether or not the Florida authorities acted lawfully by their interrogation of the defendant with regard to the offenses alleged to have been committed by him in New York (see Matter of Standen v Mark, 64 AD2d 209).
An order granting the motion to suppress will be issued from this court.

 Also cf. People v Kazmarick, 52 NY2d 322.