■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS G. BROWN, Appellant. — Appeal from a judgment of the County Court of Montgomery County (White, J.), rendered September 8, 1980, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the second degree. Defendant was arrested without a warrant on August 2, 1979 based on information gathered by the New York State Police in the course of investigating a residential burglary and larceny committed in the Town of Minden, Montgomery County. He was immediately transported to a State Police substation in Fonda, New York, and, after being advised of his *Miranda* rights, was interrogated about his participation in this incident. The questioning produced inculpatory answers which were reduced to a narrative form of confession. Defendant signed this written statement and the instant criminal action was thereafter commenced. On July 1, 1980, following the denial of his motion to suppress the confession, defendant pleaded guilty to the crime of criminal possession of stolen property in the second degree in full satisfaction of the charges against him and was later sentenced to a period of incarceration as a second felony officer. This appeal ensued. We reject defendant's assertion that he was denied a speedy trial. His plea of guilty, the relatively brief period of delay, and the failure to develop an indication his defense was impaired, serve to eliminate any valid statutory or constitutional ground for such a complaint *(People v Clary,* 52 NY2d 1023; *People v Thill,* 52 NY2d 1020; *People v Friscia,* 51 NY2d 845; *People v Dean,* 45 NY2d 651). We are further agreed that the trial court properly refused to suppress defendant's confession. Assuming good cause to excuse compliance with the 15-day notice requirement of CPL 710.30 (subd 2) was not shown by the prosecution, the fact remains that such notice was given before trial and there was no suggestion that a violation of the time standard frustrated the statutory purpose by

impeding defendant's ability to adequately prepare his challenge to the voluntariness of the written statement (cf. *People v Briggs,* 38 NY2d 319; *People v Iveys,* 67 AD2d 349). Next, testimony developed at the *Huntley* hearing established sufficient probable cause to justify defendant's warrantless arrest. A police officer related that his parents had identified a knife recovered at the scene of the burglary as one possessed by him on the day of the occurrence. Lastly, on the basis of credibility, the trial court was free to disbelieve defendant's account that before and during interrogation he requested the assistance of a named attorney who was then representing him on prior unrelated criminal charges, and that his inculpatory statements were made upon an understanding the current affair would not be presented to a Grand Jury if he co-operated with officials probing certain illegal drug activities. The State Police investigator who conducted the questioning flatly denied any request for the assistance of counsel was made before arraignment, and testified it was defendant who first broached the possibility of volunteering his services to the police after he executed the confession. Defendant did not establish that he was actually represented by counsel on a pending criminal matter or even that such charges were initiated by the State Police. Thus, accepting the trial court's rejection of the claims that he asked for an attorney during interrogation and that a prosecutor became involved in the matter of his co-operation before the statement was signed, there is no independent factual predicate in this record to warrant consideration of whether defendant's right to counsel was infringed based on what the police knew (cf. *People v Kazmarick,* 52 NY2d 322) or should have discovered (cf. *People v Bartolomeo,* 53 NY2d 225). Accordingly, the judgment should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.