OPINION OF THE COURT
Bernard Fuchs, J.
Defendant has been convicted by a jury of criminal possession of a controlled substance in the third degree. At trial it was proven that the police, executing a search warrant of a store, had deployed some officers to backyards accessible through a kitchen window at the rear of the store.
Defendant was apprehended in one of the yards by a police officer who testified that he saw defendant leave the store premises through the window wearing no coat. There was evidence that it was a cold December day. Defendant denied he had ever been in the premises and claimed he was in the yard only to watch a “crap” game carried on there.
Another rear room of the store was the scene of a cocaine factory including quantities of the drug, measuring spoons and other paraphernalia used for mixing and packing the cocaine. In a corner of that room (identified at trial as “Room 1”) the police found a pile of coats. Defendant and others apprehended were first assembled in the kitchen from which several had allegedly escaped through the window, and then, before being removed from the store area by police, were taken to Room 1.
*636 Detective Siebert testified that when all prisoners were in Room 1, he saw defendant get a jacket from the pile in the room. On cross-examination he testified that defendant was asked whether he had a jacket; that someone held one up; and that defendant said it was his and took it.
Police Officer Cats testified that before leaving the store he asked defendant whether he had a jacket and added that it was cold out; that defendant nodded “yes” and that defendant identified his coat by nodding “yes” when asked whether it was his. There was no objection to any of the jacket or coat evidence or the questions by which it was elicited. After the latter testimony, however, defendant moved for a mistrial on the ground of surprise. He argued that there had been no written notice that defendant’s admissions would be offered, that “Voluntary Disclosure Form No. 6” was false in negating anticipated use of admissions, and that the People’s bill of particulars disclosed nothing about a coat connecting defendant with the premises.
Mistrial was denied on the grounds that defendant could have anticipated the evidence from matter of record at the end of a pretrial hearing held to suppress physical evidence and could have but did not request a Huntley hearing; that defendant’s admissions had not been elicited by police interrogation, and that defendant had not objected to the testimony. Because the People had given no notice that admissions would be offered, however, the court suppressed further evidence as to the jacket and the use of defendant’s admissions in summation. Since deciding the mistrial motion, the court, on reflection, has concluded that the matter of record after the pretrial hearing was not sufficient to apprise defendant that the admissions would be offered against him. Neither would it substitute for the written notice required by CPL 710.30.
The People claim that defendant and the others apprehended were given their Miranda warnings in the kitchen before being taken to Room 1 where they found their coats. They concede that there was no warning in Spanish (which is defendant’s language) and defendant’s English is such that an interpreter was supplied for him during all proceedings before the court. Resolution of the issue thus *637 raised, however, as to whether the warnings were given and their adequacy would not dispose of defendant’s motion, as appears more fully below. No Huntley hearing has been held or requested.
Defendant now moves to set aside the verdict on the grounds that (1) the People gave defendant no notice that they would prove defendant’s acknowledgment of his jacket, and (2) the verdict is based on “insufficient testimony” and is “against the weight of evidence.”
The latter grounds present no difficulty. The People’s evidence, which the jury apparently believed, was amply sufficient to sustain the verdict notwithstanding some conflicting testimony by defense witnesses. As to the weight of evidence, that ground is unavailable in this court under CPL 330.30 because it would be discretionary and not a matter of law (CPL 330.30, subd 1; see People v McCray, NYLJ, Feb. 20, 1981, p 16, col 1).
On the first ground of defendant’s motion, the People argue that defendant waived his objection to the coat evidence by failure to object at trial and that because defendant’s statement was not deliberately elicited by police interrogation it is beyond the reach of Miranda v Arizona (384 US 436). They cite People v Rivera (73 AD2d 528, affd 53 NY2d 1005); People v Ciampa (57 AD2d 932) and People v Huffman (41 NY2d 29). (See, also, People v Ross, 21 NY2d 258.) The People concede they did not serve the notice required by CPL 710.30.
In Rivera (supra, p 528), a nonjury trial, defendant was held to have waived the inadequacy of the People’s notice of intention to offer his statement “as a matter of deliberate strategy on the part of defendant’s attorney.” Failure to object was a distinctly secondary ground. The court gave defendant’s deliberate waiver the same conclusive effect as denial of a defendant’s motion to suppress the statement (see CPL 710.30, subd 3).
The Ciampa case involved three statements. Two were voluntary and not responsive to any question. A third responded to a noncustodial spontaneous question intended merely to confirm defendant’s identity. Ciampa is therefore, like Rivera, inapplicable. More in point is People *638 v Huffman (supra, p 30), which does involve a custodial question asked at the scene of the crime,. “ ‘What are you doing back here?’” It elicited the unexpected response, “‘We were trying to break into that store.’” The court held (p 33), that “[c]ustodial admissions are not suppressible unless produced by a process of interrogation designed to elicit statements from the defendant.”
The police questions to defendant Guerrero about his jacket were no more part of a “process of interrogation” than the Huffman question. There was, however, in Huffman, no challenge to the adequacy or service of the People’s statutory notice of intention to offer defendant’s statement (see People v Greer, 42 NY2d 170, 176). That issue, central to the present case, survives even a knowing and voluntary waiver of the right to remain silent because the transcendent policy of CPL 710.30 is to enable a defendant fully to investigate the voluntariness of his alleged admissions before trial.
In People v Spruill (47 NY2d 869), the trial court admitted defendant’s confession after finding that he had made a knowing and voluntary waiver of his constitutional rights. Defendant’s conviction was reversed nevertheless because the People, as in the present case, had not given defendant the pretrial notice required by CPL 710.30. The excuse, also offered in the present case, that the police had not informed the prosecutor of defendant’s statement before trial, was explicitly rejected by the court as equivalent to “office failure” of the District Attorney.
An inadequate notice by the prosecutor, which omitted the substance of defendant’s statement and the name of the person to whom it was made, led to the same result in People v Couch (74 AD2d 582). Disclosure of the items omitted from the notice, the Appellate Division held (p 583) “would have afforded the defendant a reasonable opportunity to investigate matters relating to the voluntariness of his purported statement and to prepare his defense accordingly.” That opportunity was equally withheld from defendant Guerrero. See, also, People v Iveys (67 AD2d 349), which reversed a conviction notwithstanding that the Huntley hearing was reopened the day after jury selection before testimony was taken and the court, upon *639 ruling that the admission could be used, offered defendant additional time to prepare after the People’s case.
Defendant Guerrero’s statements about his jacket were not spontaneous utterances disengaged from police action (cf. Rhode Island v Innis, 446 US 291). They responded to police questions which reasonably raise the issue whether defendant’s right to remain silent was violated. Whether the People rely upon defendant’s waiver of that right or the absence of a process of interrogation to justify proof of defendant’s admissions, the degree of fairness enjoined by GPL 710.30 requires the pretrial written notice it specifies. Defendant may not be presumed to know in advance what evidence the People will offer or whether it will consist of his “involuntarily made” and therefore “suppressible” statement. The lesson of Spruill is that defendant is entitled to that determination before trial even if the statement is not “suppressible.”
The People’s contention that defendant waived his objection to the coat-recognition testimony by failure to object finds some support in People v Ross (supra). But there, the issue of noncompliance with the notice statute seems not to have been raised at all in the trial court. In People v Guerra (30 AD2d 659, affd sub nom. People v Hernandez, 25 NY2d 869, cert den 397 US 914), by contrast (as in the present case), there “was not a complete failure to object” and “no * * * unfair tactical design prompted whatever delay occurred.” The court concluded (p 659) that it would be unjust to let the case “turn on the degree of alertness of counsel.” This court reaches the same conclusion.
Motion granted. The verdict of conviction is set aside and a new trial ordered.