OPINION OF THE COURT
Jack Turret, J.
Resolution of this motion to preclude concerns a technicality versus the spirit of the law. Though respondent did not receive formal written notice of an alleged statement made by him intended to be used at trial as prescribed in section 330.2 of the Family Court Act (L 1982, ch 920, as amd by L 1983, ch 398, § 24, July 1, 1983),* he did receive notice of its existence in the petition filed on May 24, 1983 (respondent-made statements). That petitioner so informed respondent, was an indication to him of the intention of the petitioner to use these statements. This alone would not have been sufficient notice as the particulars of the statement and the circumstances surrounding it were not provided. (People v Couch, 74 AD2d 582.) Petitioner’s July 8, 1983 response to respondent’s demand for discovery dated May 31,1983, furnished these particulars. It is the opinion of this court, that this is comparable to “actual” notice. *349 Actual notice has been held to be good cause for dispensing with the statutory notice requirement. (People v Michel, 56 NY2d 1014.)
Moreover, the purpose of this notice provision is to afford a respondent adequate time to prepare his case in respect to testing the voluntariness of a confession or admission. (People v Greer, 42 NY2d 170.) There is no suggestion that the violation of the time standard in this case has frustrated this statutory purpose (see People v Brown, 83 AD2d 699; cf. People v Briggs, 38 NY2d 319). The respondent has been afforded ample opportunity to exercise his right to seek suppression. Pursuing a technicality, would be contrary to the spirit of the law. In People v Rivera (73 AD2d 528, affd 53 NY2d 1005), the court, noting that the trial attorney never made any objection to the sufficiency of the writing and that such objection was waived as a matter of deliberate strategy on the part of defendant’s attorney, held preclusion was not warranted. Ample time remains before trial for a Huntley hearing (People v Huntley, 15 NY2d 72) to be held without danger of prejudice to the respondent.
Under the afore-mentioned facts and circumstances, this court finds good cause has been shown within the meaning of section 330.2 of the Family Court Act (CPL 710.30, subd 2; People v Briggs, supra, pp 323-324) to deny preclusion. Motion to preclude is denied.
Though respondent has not moved for a suppression hearing in the alternative in the instant motion, & Huntley hearing may be held immediately before trial upon oral motion of respondent.

 The notice of motion is dated July 20, 1983. The petition was filed May 25, 1983. Counsel for respondent refers to the provisions of the Criminal Procedure Law. The code of juvenile delinquency procedure (L 1982, ch 920, as amd) is applicable to all juvenile actions and proceedings, commenced prior to the effective date thereof but still pending on such date (July 1, 1983).