OPINION OF THE COURT
Margaret Cammer, J.
This is a supplemental motion by defendant Sidney Clarke pursuant to CPL 710.30 to preclude the use at trial of his statements to a public servant. The motion is grounded upon the People’s failure to serve defendant with the requisite notice of their intention to use such evidence within the statutory 15-day period.
Defendant was arrested on February 9, 1983 on the charge of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law, § 1192, subd 2) and given a desk appearance ticket for March 14,1983. He was arraigned on the latter date, at which time the People served no pretrial notices. The case was then adjourned to April 12, 1983, and, on that date, again adjourned to May 12 for defense motions.
On May 2,1983, defendant filed an omnibus motion. The People responded on May 18 by furnishing defendant with a voluntary disclosure form in which they revealed, for the first time, that defendant had made certain inculpatory statements which they intended to introduce at trial. Defendant thereafter filed the aforesaid supplementary motion. Defendant has never moved to suppress the statements, seeking, instead, his statutory remedy of preclusion.
*1082 CPL 710.30 provides that whenever the People intend to offer at trial statements made by a defendant to a public servant, they must serve defendant with notice of such intention. The statute mandates that the notice be served within 15 days after arraignment and before trial, although upon a showing of good cause the court may permit late service. This section further provides that a defendant’s statements to a public servant will not be admissible at trial “[i]n the absence of service of notice [of intention] upon * * * defendant as prescribed in this section”. (CPL 710.30, subd 3.)
The People concede that they failed to serve the requisite notice within the statutory 15-day period. They also concede that there was no good cause for their failure to serve timely notice. Nevertheless, they oppose preclusion upon the unsupported assertion that “the courts have been somewhat lenient regarding defendant’s remedy for the prosecutor’s failure to provide timely notice”. The People further contend that since the defendant has failed to establish how the late service frustrated his ability to adequately prepare his case, preclusion should not be granted. Neither argument is persuasive.
First, contrary to the People’s leniency argument, the courts have consistently and uniformly granted preclusion when the People have not established good cause for failing to serve timely CPL 710.30 notice. (See, e.g., People v Briggs, 38 NY2d 319; People v Spruill, 47 NY2d 869; People v Williams, 77 AD2d 579; People v Slater, 53 AD2d 41; People v Guerrero, 114 Misc 2d 635; Matter of Damon R., 105 Misc 2d 380; Matter of Nino R., NYLJ, April 26, 1983, p 13, col 1.) Timely notice may determine a defendant’s entire strategy including, for example, whether to testify before a Grand Jury, accept an early plea offer, or locate certain witnesses. Such notice is particularly important when incriminating statements are involved since, as the Court of Appeals has aptly noted, such statements “are accorded high credibility by fact finders, jury or Judges.” (People v Briggs, 38 NY2d 319, 324.)
In view of the impact and importance of a defendant’s inculpatory statements, both the Legislature and the courts have mandated preclusion as the appropriate rem *1083 edy when the prosecution fails to give a defendant timely notice that such statements will be offered into evidence at trial. The rationale for the exercise of this remedy is to ensure that a defendant is given an adequate opportunity to prepare his or her defense. As the Court of Appeals has stated: “To deprive defendants in criminal matters unnecessarily of an advance opportunity to investigate the facts and circumstances is neither fair nor conducive to establishing the truth through the adversary process with the assistance of counsel. A cavalier treatment of the statute’s requirements frustrates its ends.” (People v Briggs, supra, at p 324.)
The Legislature evidenced its unequivocal support of the court’s position when, in 1976, it amended CPL 710.30 to provide that notice of intention be served within 15 days after arraignment rather than at any time “before trial” as in the original statute (L 1976, ch 194, § 3). This change was enacted at the same time the Legislature amended CPL 700.70, by which it imposed a 15-day notice requirement in order for eavesdropping evidence to be introduced at trial. The legislative history of these companion amendments reveals their rationale: “The whole emphasis for timely notification to a defendant * * * has been switched. It used to be that the prosecutor could sit by and when ready for trial very easily comply, to the great and unfair surprise of an accused * * * This also frustrated the omnibus pre-trial motion procedures with delayed motions and hearings being had at the eve of trial. Now, this 1976 amendment excludes all such * * * evidence * * * unless the People serve the defendant or his counsel, within fifteen days after arraignment, with [the requisite notice]”. (Bellacosa, Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, 1983-1984 Pocket Part, CPL 700.70, p 201.)
The District Attorney’s position ignores the obvious intent of this amendment. The People would have us believe that the Legislature was engaging in a mere exercise in futility when it inserted a 15-day mandatory notice provision. However, the language of the statute as amended leaves no doubt that only good cause can excuse the prosecution’s failure to comply with the notice provisions. (CPL 710.30, subd 2.)
*1084 The People’s argument that a defendant must show prejudice before preclusion may be granted imposes a burden on defendant which is conspicuously absent from the statute. Certainly, if the Legislature had intended to impose such a showing, it would have provided for one, especially when it clearly did require a showing by the People of good cause to excuse failure to serve timely notice.
Cases decided since the enactment of the 1976 amendment discussed above further affirm the necessity for compliance with the 15-day statutory time frame. For example, in People v Mark (68 AD2d 315), the Appellate Division was called upon to decide the effect of the prosecution’s failure to comply with the amended time limit requirement of CPL 700.70, relating to eavesdropping warrants. The Mark court reversed the judgment of conviction on this ground, warning that the statute “and all its integral parts cannot be treated lightly or with cavalier disregard.” (People v Mark, supra, at p 318.)
The Fourth Department’s view on this issue is hardly an isolated one. In People v Williams (77 AD2d 579), the Second Department reversed a judgment of conviction because the trial court failed to preclude identification testimony, notwithstanding the prosecution’s failure to serve the requisite notice of intention. Again, in the recent case of People v Cruz (88 AD2d 621), the Appellate Division, Second Department, reversed a judgment of conviction, holding as improper the introduction of identification testimony where the prosecution had failed to give defendant the requisite notice that it intended to use such evidence and did not show good cause for its failure to do so.
The People have cited People v Brown (83 AD2d 699) and People v Brown (92 AD2d 939) in support of their position opposing preclusion. However, their reliance is misplaced. In both Brown cases, the defendants had made motions to suppress the statements and the motions had been denied. Notably, CPL 710.30 (subd 3) specifically provides that if, despite the lack of timely notice, a defendant moves to suppress his statements and the motion is denied, the otherwise precludable evidence is rendered admissible. In line with this mandate, a review of the leading cases on *1085 this issue shows that the only time preclusion will not be granted, notwithstanding the prosecution’s failure to serve timely notice without good cause, is where a defendant has moved to suppress the statements and the motion has been denied. (See, e.g., People v Jones, 69 AD2d 912; People v Banks, 77 AD2d 742.) Otherwise, as noted, preclusion has consistently been granted. Here, defendant has sought preclusion rather than suppression. Thus, the Brown (supra) holdings are inapplicable and preclusion is warranted. Accordingly, defendant’s motion to preclude the introduction of his statements at trial is granted.