OPINION OF THE COURT
Ruth J. Zuckerman, J.
In this delinquency proceeding, respondent moves, pursuant to section 330.2 of the Family Court Act and CPL 710.30, to preclude the presentment agency’s use at trial of any statement made by respondent to a public servant, on the ground that the presentment agency, within 15 days of respondent’s initial appearance in court, failed to serve respondent with a notice of its intention to offer evidence of such statement, as required by subdivision 2 of section 330.2 of the Family Court Act and CPL 710.30 (subd 2).
On December 20, 1983, a juvenile delinquency petition was filed in this court alleging that respondent committed acts which, if committed by an adult, would constitute the crimes of grand larceny in the third degree (Penal Law, § 155.30, subd 5), and robbery in the second degree (Penal Law, § 160.10, subd 1). On that date, respondent made his initial appearance, as that term is defined in section 320.1 of the Family Court Act, and the matter was set down for trial.
On January 3, 1984, respondent served upon the presentment agency a demand to produce and a request for a *588 bill of particulars, and on January 26, 1984, the presentment agency filed its answers. Insofar as is relevant here, the presentment agency’s answer, which was filed 38 days after the initial appearance by respondent, included a summary of a statement allegedly made by respondent to a law enforcement officer. Since no notice of intent pursuant to subdivision 2 of section 330.2 had previously been served by the presentment agency, on February 23, 1984, respondent filed the instant motion for a preclusion order, citing section 330.2 of the Family Court Act and CPL 710.30.
Subdivision 2 of section 330.2 of the Family Court Act, in pertinent part, provides as follows: “Whenever the presentment agency intends to offer at a fact-finding hearing evidence described in section 710.20 or subdivision one of section 710.30[1] of the criminal procedure law, such agency must serve upon respondent notice of such intention. Such notice must be served within fifteen days after the conclusion of the initial appearance or before the fact-finding hearing, whichever occurs first, unless the court, for good cause shown, permits later service and accords the respondent a reasonable opportunity to make a suppression motion thereafter.”[2] Subdivision 8 of section 330.2 of the Family Court Act goes on to provide that: “In the absence of service of notice upon a respondent as prescribed in this section, no evidence of a kind specified in subdivision two may be received against him at the fact-finding hearing unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied.”[3]
In its affirmation in opposition to the instant preclusion motion, the presentment agency concedes, as it must, that no notice of intent was served within the statutory 15-day period. In addition, the presentment agency concedes that *589 it cannot show “good cause” for its failure to comply with the requirements for timely notice as set forth in subdivision 2 of section 330.2. However, in an effort to avoid preclusion, the presentment agency, relying upon the decision in People v Brown (83 AD2d 699), contends that even in the absence of a showing of good cause, the prosecutor should be excused from strict compliance with CPL 710.30 (subd 2) and subdivision 2 of section 330.2 of the Family Court Act where, as here, respondent’s counsel does not allege that delay in giving notice of intent has impeded her ability to represent respondent by challenging the voluntariness of respondent’s statement.
For the reasons set forth below, the court has concluded that where the presentment agency has failed to serve the required notice of intent in a timely fashion and has shown no good cause for such failure, respondent is entitled to a preclusion order, irrespective of whether respondent is able to demonstrate that he has been prejudiced by reason of the presentment agency’s failure to comply with the requirements of subdivision 2 of section 330.2 of the Family Court Act.[4]
Initially, it should be noted that subdivision 2 of section 330.2 clearly and unambiguously requires that the statutory notice of intent “be served within fifteen days after the conclusion of the initial appearance or before the fact-finding hearing, whichever occurs first,” and permits “late service” only “for good cause shown”. In applying the substantially identical provisions of CPL 710.30, from which section 330.2 was derived,[5] a number of courts granting pretrial preclusion orders have specifically re *590 jected the contention made by the presentment agency in the case at bar, and have refused, absent a showing of good cause, to excuse the prosecutor from strict compliance with the 15-day notice requirement. (See, e.g., Matter of Albert B.[6] 79 AD2d 251; People v Clarke, 121 Misc 2d 1081; People v Fort, 109 Misc 2d 990; Matter of Damon R., 105 Misc 2d 380; cf. People v Mark, 68 AD2d 315.) Indeed, to hold otherwise, in light of the specific and unambiguous statutory language, would directly contravene the Legislature’s expressed intention with respect to the effect of the prosecutor’s failure to comply with the requirements in question. (See People v Clarke, 121 Misc 2d, at pp 1082-1083.)[7] The impropriety of any such disregard of the Legislature’s intent is, however, plain. (See, e.g., People v Floyd J., 61 NY2d 895; Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340; see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, § 76.)
As authority for the adoption by this court of an additional “no prejudice” exception to the 15-day notice requirement, the presentment agency, as was previously noted, relies upon People v Brown {supra, pp 699-700), in which the court stated, “Assuming good cause to excuse compliance with the 15-day notice requirement of CPL 710.30 (subd 2) was not shown by the prosecution, the fact remains that such notice was given before trial and there was no suggestion that a violation of the time standard frustrated the statutory purpose by impeding defendant’s ability to adequately prepare his challenge to the voluntariness of the written statement”.
The significance of the above-quoted language is questionable, however, in view of the fact that in People v *591 Brown (supra) notwithstanding the prosecutor’s failure to comply with the 15-day notice requirement, the defendant had made a motion to suppress his confession, which motion was denied.[8] Thus, it is doubtful that the decision in People v Brown, insofar as it relates to the issue raised in the case at bar, would be considered binding upon trial courts in the Third Department.
Assuming, arguendo, however, that the Third Department, in fact, has adopted the rule for which the presentment agency here argues, this court is of the view that the decisions in the Second and Fourth Departments rejecting such rule[9] are far more persuasive than People v Brown (supra) and its progeny. Accordingly, in the absence of any indication that the Appellate Division for the First Department would follow the approach which was arguably taken by the Third Department in People v Brown, this court, for all of the foregoing reasons, has concluded that the presentment agency’s unexcused failure to comply with the provisions of section 330.2 of the Family Court Act should preclude it from offering respondent’s statement on its direct case, irrespective of whether respondent has been prejudiced by such noncompliance.
Accordingly, pursuant to section 330.2 of the Family Court Act, respondents’ motion to preclude is hereby granted. This case remains on the Trial Calendar for Part V on April 25, 1984.

. CPL 710.30 (subd 1) in its entirety, reads as follows: “Whenever the people intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20, or (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.”

. The provisions of subdivision 2 of section 330.2 of the Family Court Act are substantially identical to those of CPL 710.30 (subds 1, 2).

. Subdivision 8 of section 330.2 of the Family Court Act is virtually identical to CPL 710.30 (subd 3).

. This holding is, of course, subject to the exception set forth in subdivision 8 of section 330.2 of the Family Court Act and CPL 710.30 (subd 3) as to cases in which, despite the lack of the required notice of intent, respondent has made a suppression motion and the motion has been denied. In addition, it is clear that the 15-day notice requirement applies only where the presentment agency intends to offer at trial a statement allegedly made by respondent, and not where, in the course of the trial, respondent has “opened the door to its admission.” (People v Goodson, 57 NY2d 828, 830; see, also, People v Sbraccia, 92 AD2d 628.)

. Section 303.1 of the Family Court Act reads as follows:
“1. The provisions of the criminal procedure law shall not apply to proceedings under this article unless the applicability of such provisions are specifically prescribed by this act.
“2. A court may, however, consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions of this article.”

. In Matter of Albert B. (79 AD2d 251), the Appellate Division affirmed the Family Court’s order precluding the introduction of any evidence within the purview of CPL 710.30, and denying, in effect, the prosecutor’s application for leave to serve a late notice. In so holding, the Appellate Division stated (p 256): “[P]etitioner’s excuses, that office procedure had been to serve notices in blank and that to cure the defects in those notices after the expiration of 15 days and before the fact-finding hearing would not have created any prejudice for respondent, were properly rejected by the Family Court. They did not constitute good cause for extending petitioner’s time to serve a CPL 710.30 notice.”

. The inappropriateness of such an approach is especially clear in light of the legislative history of CPL 710.30 from which subdivision 2 of section 330.2 of the Family Court Act is derived. In 1976, CPL 710.30 was amended to specifically provide that the required notice of intent be served within 15 days of arraignment, rather than, as was true prior to the amendment, at any time “before trial”.

. CPL 710.30 (subd 3) expressly provides that: “In the absence of service of notice upon a defendant as prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon trial unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible as prescribed in subdivision two of section 710.70.” (Emphasis supplied.)

. See Matter of Albert B., 79 AD2d 251; cf. People v Mark, 68 AD2d 315. It should however, be noted that in at least two cases, trial courts outside the Third Department have read People v Brown (83 AD2d 699), as standing for the proposition for which the presentment agency has argued here, and have elected to follow this aspect of the Brown case. (See Matter of Jorge R., 120 Misc 2d 348; People v Merced, 119 Misc 2d 238.)