■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN W. BARNES, Appellant. ■

■ Memorandum: Defendants Barnes and Dillenburg (*see, People v Dillenburg,* 110 AD2d 1080), on appeal from their convictions on guilty pleas to criminal possession of marihuana (Penal Law § 221.20), urge that the court erred in denying their motions to suppress marihuana seized pursuant to a search warrant which was founded primarily on evidence obtained by a court-ordered wiretap. Defendants claim that the marihuana, as evidence derived from the intercepted communications, must be suppressed because the prosecution failed to serve them with copies of the eavesdropping application and warrant within 15 days after their arraignments and failed to obtain a court order extending the 15-day period for good cause (*see,* CPL 700.70). We agree. The prosecution did not furnish defendants with copies of the warrant and application until November 3, 1982, 22 days after defendants' arraignments on their felony indictments on October 12, 1982, and 112 days after

defendants' initial arraignments in Town Court on July 14, 1982. The prosecution did not obtain an extension of the 15-day period either before or after the period had elapsed and, indeed, no court has ever made a finding in this case that good cause was shown for the delay; the suppression court, in denying the motion to suppress on this ground, simply noted the argument and, in an unsigned order, denied the motion. The sole explanation proffered for the delay is found in the unsworn statements by the prosecutor on argument to the suppression court and in the brief on appeal that this wiretap operation was part of an extensive investigation. There are no affidavits or other evidence in the record establishing good cause for the delay. As in *People v Basilicato* (64 NY2d 103, 117), "[w]hat constitute[s] 'good cause' need not be decided, for the People have offered no excuse whatsoever for the delay [citations omitted]." On this record we are compelled to hold that the evidence from the intercepted communications must be suppressed (*see,* CPL 700.70; *People v Basilicato, supra; People v Mark,* 68 AD2d 315, 317-318). (Appeal from judgment of Chautauqua County Court, Adams, J., at trial; Cass, Jr., J., at suppression hearing — criminal possession of marihuana, third degree.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.