OPINION OF THE COURT
George L. Jurow, J.
The respondent is before this court charged with acts, which if committed by an adult, would constitute the crimes of sodomy in the first degree (Penal Law § 130.50 [1]); sexual abuse in the first degree (Penal Law § 130.65 [1]) and assault in the second and third degrees (Penal Law § 120.05 [6]; § 120.00 [1]). The respondent was arrested on July 17, 1984. He first appeared in Kings County Criminal Court on July 23, 1984. After a brief hearing, the case was ordered removed to the Family Court. At respondent’s initial appearance in Family Court on July 24, 1984, the petitioner District Attorney did not serve any notice of intent to offer evidence pursuant to CPL 710.30, nor was such notice served during the 15-day period specified in Family Court Act § 330.2 (2), or at any time thereafter.
*137 Before the court is respondent’s motion to preclude the petitioner District Attorney from introducing at trial any identification evidence, as well as prior statements, relating to the respondent. The petitioner opposes this motion.
The motion, including memoranda of law submitted by both sides, raises two questions: First, and a case of apparent first impression, is whether, in a delinquency proceeding in Family Court pursuant to an order of removal under CPL 725.05 service of a so-called CPL 710.30 notice in Criminal Court, but prior to arraignment of the respondent in Family Court, constitutes satisfactory service and notice to the respondent within the meaning of Family Court Act § 311.1 (7) and § 330.2? Second, if such service and notice in Criminal Court was not sufficient, does “good cause” exist in the instant case within the meaning of Family Court Act § 330.2 to permit later service of notice?
Petitioner contends that the respondent was served with a CPL 710.30 notice (purportedly concerning both identification and a taped statement) at his appearance in Criminal Court on July 23, 1984, that therefore had “actual knowledge” (or, at least constructive knowledge) of petitioner’s intent to introduce same. In further support of petitioner’s claim that no additional service of a CPL 710.30 notice was required during the subsequent Family Court proceedings, petitioner contends that Family Court Act § 311.1 (7) “incorporates Criminal Court proceedings into the [Family Court] petition”. Respondent argues that the Family Court Act requires service of a CPL 710.30 notice within 15 days after the respondent first appears in Family Court, regardless of what transpired in any prior criminal court proceedings, and that failure to serve such notice within this required time frame requires preclusion at trial of the subject evidence. This motion involves the interaction of several relevant Family Court Act statutes:
First, Family Court Act § 310.1 (1) provides that: “A proceeding to adjudicate a person a juvenile delinquent is originated by the filing of a petition.”
Second, Family Court Act § 311.1 (7) provides: “When an order of removal pursuant to article seven hundred twenty-five of the criminal procedure law is filed with the clerk of the court, such order and those pleadings and proceedings, other than the minutes of any hearing inquiry or trial, grand jury proceeding, or of any plea accepted or entered, held in this action that has not yet been transcribed shall be transferred with it and shall be deemed to be a petition filed pursuant to subdivision one of section 310.1 containing all of the allegations required by this *138 section * * * The date such order is filed with the clerk of the court shall be deemed the date a petition was filed under this article” (emphasis added).
Third, Family Court Act § 320.1 provides: “When used in this article ‘initial appearance’ means the proceeding on the date the respondent first appears before the court after a petition has been filed”.
Fourth, Family Court Act § 330.2 (2) provides: “Whenever the presentment agency intends to offer at a fact-finding hearing evidence described in section 710.20 or subdivision one of section 710.30 of the criminal procedure law, such agency must serve upon respondent notice of such intention. Such notice must be served within fifteen days after the conclusion of the initial appearance or before the fact-finding hearing, whichever occurs first, unless the court, for good cause shown, permits later service and accords the respondent a reasonable opportunity to make a suppression motion thereafter” (emphasis added).
Fifth, Family Court Act § 330.2 (8) provides: “In the absence of service of notice upon a respondent as prescribed in this section, no evidence of a kind specified in subdivision two may be received against him at the fact-finding hearing unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied.”
As noted above, Family Court Act § 330.2 (2) requires service of a CPL 710.30 notice within 15 days after the conclusion of the initial appearance. What constitutes an “initial appearance” is defined in Family Court Act § 320.1 to be the date the respondent first appears before the court after a petition has been filed. The plain and obvious meaning of these two sections is that the CPL 710.30 notice must be filed in Family Court within 15 days after the respondent first appears in Family Court. Since the filing of a petition is defined to relate to the origination of a juvenile delinquency proceeding (see, Family Ct Act § 310.1 [1]), this time frame relates to proceedings in Family Court; there is no way this language can be reasonably construed to relate to a prior criminal court proceeding. Therefore, the question of whether the respondent had actual (or constructive) notice of the prosecution’s intent to offer certain testimony is irrelevant since the statutory mandate of notice in a specified manner (i.e., by service of notice) requires a particular mandated procedure.
Petitioner relies heavily on the language in Family Court Act § 311.1 (7), above, which states, inter alla, that when the Family Court proceeding arises from an order of removal from criminal court, such as in the instant case, such criminal court order and *139 those “pleadings and proceedings” are deemed to constitute the Family Court petition. In its memorandum of law the prosecution contends that service of a CPL 710.30 notice at a prior criminal court hearing is part of the record that is transferred to Family Court and therefore part of the Family Court petition. However, petitioner’s reliance on the phrase in Family Court Act § 311.1 (7), “pleadings and proceedings”, to incorporate the transfer of a notice provided in a prior criminal court action, is misplaced.
Although the language in Family Court Act § 311.1 (7) will perhaps never be a candidate for an award in syntax, and could have been more felicitously phrased, in that the definition of a “petition” as including an assortment of unspecified supporting documents can readily cause confusion, it does not make sense to interpret the definition of a petition as mandating the continuing validity of prior motions, demands, notices and the like. Rather, as noted in Matter of Eric K. (100 Misc 2d 796, 801) the more obvious purpose of deeming supporting documents to be part of the Family Court petition is to provide the Family Court with access in its file to papers and records of the prior proceeding. See also, Matter of Larry W. (55 NY2d 244, 251) and Matter of Martin D. (100 Misc 2d 339, 343) which note the evident purposes of the subject statutes as facilitating the maintenance of an integrated file, and ensuring notice to the respondent of the procedural history of the case, both important considerations in removal cases that, by definition, involve a bifurcated system of proceedings in both criminal or Supreme Court, and Family Court. It is erroneous to equate, as does petitioner, access to documents in a prior proceeding with the continuing substantive validity of the proceeding that gave rise to the origination of the document. The latter interpretation by petitioner would invite chaos in the subsequent Family Court proceeding as the Family Court would have to divine what prior happenings in the criminal court were deemed to have validly occurred in terms of motions, notices, waivers, or whatever. Also, petitioner’s interpretation would result in certain logical absurdities, as for example, why require a subsequent initial appearance or arraignment at all in Family Court, if this would duplicate a prior occurrence in the criminal court proceeding? Moreover, petitioner’s interpretation flies in the face of other statutory provisions: Petitioner’s interpretation of Family Court Act § 311.1 (7) is contrary to the meaning of CPL 725.10 (2) which provides that, when an order of removal is filed, “All further proceedings including motions and appeals shall be in accordance with laws appertaining to the family court and for this purpose all find *140 ings, determinations, verdicts and orders other than the order of removal, shall be deemed to have been made by the family court.” Further contradicting petitioner’s view is another provision of CPL 725.10 (2) specifying that when an order of removal is filed, the criminal court proceeding is thereby terminated. (See, Rodriguez v Myerson, 69 AD2d 162.) Finally, the Practice Commentary concerning Family Court Act § 311.1 recognizes as obvious the conclusion that pretrial motions in a criminal court removal case to Family Court occur in the Family Court proceeding subsequent to the order of removal: “The final two [sic] sentences, which are new, establish a ‘bench mark’ date for removed cases to enable the calendaring of motion practice and the scheduling of hearings. Thus, the time to file pretrial motions and calendar the fact-finding hearing are determined by reference to the date a criminal court removal order is filed with the Family Court.” (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 311.1, p 335.)
Having determined that Family Court Act § 330.2 (2) required petitioner in this case to serve respondent with a CPL 710.30 notice within 15 days after respondent’s initial appearance in Family Court — which petitioner failed to do — the second issue is whether “good cause” exists, as so provided in section 330.2 (2), for the court to permit later service. Petitioner claims that “good cause” exists to permit later service because respondent has not alleged prejudice in his moving papers and because it would be within the “interest of justice” to allow subsequent service.
Whether or not the applicable Family Court Act provisions, section 330.2 (2) and (8) (as well as their counterpart CPL provisions, section 710.30 [2] and [3]) mandate preclusion depends upon whether a narrow as opposed to broad view is taken as to what constitutes “good cause” to justify the court permitting later service of notice. The case law is not entirely clear on this important point. One commentator has noted that the leading case of People v Briggs (38 NY2d 319) “manifests a judicial intolerance for delays and a preference for fairly strict compliance on policy as well as statutory language grounds” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.30, p 114; see also, People v Spruill, 47 NY2d 869; People v Cruz, 88 AD2d 621; People v Williams, 77 AD2d 579; People v Clarke, 121 Misc 2d 1081; Matter of Damon R., 105 Misc 2d 380). However, as also noted by Bellacosa (op.. cit.) above, the 15-day notice requirement is not entirely inflexible, and the courts have on occasion permitted late service. (See, *141 People v Michel, 56 NY2d 1014; People v Brown, 92 AD2d 939; People v Brown, 83 AD2d 699; People v Anderson, 80 AD2d 33.)
The policy underpinnings in Briggs (supra) relate to the defense need for sufficient advance notice of the prosecution’s intention to offer important evidence in order to be able to investigate the case, plan strategy, and prepare for trial. The key factor that appears to distinguish cases, on the appellate level at least, that have granted preclusion from cases permitting later service is whether the defense first received the notice of intent to offer evidence at trial as opposed to prior to trial. In the former situation, where the defense has received no notice whatsoever prior to trial, the courts have generally granted preclusion. Briggs, as well as Spruill, Cruz, and Williams (supra) were all such cases in which the defense was first apprised of the prosecution’s intent to offer such evidence, during trial. Conversely, appellate cases permitting the prosecution to serve late notice (and the defense time to move to suppress) have applied to pretrial contexts. (See, People v Michel, supra; People v Anderson, supra; People v Brown, 92 AD2d 939, supra; People v Brown, 83 AD2d 699, supra.) The policy reasoning in Briggs, involving adequate preparation time for the defense, and also lack of prejudice in proceeding to trial, is obviously most persuasive in requiring preclusion when the matter has already reached the trial stage.
In the instant case, the arguments supporting a finding of “good cause” to permit late service appear more persuasive. First, the matter is still in the pretrial stage; permitting late service will still allow the defense an opportunity to move to suppress prior to trial. Second, a unique circumstance in this case is that the prosecution actually served a CPL 710.30 notice upon the defense, albeit prematurely. While it is true that this court has found that the prosecution operated under an erroneous interpretation of the relevant statute in failing to serve notice after the Family Court proceeding began, what makes the earlier service in Criminal Court relevant in considering the existence of “good cause” is that here the prosecution proceeded in what the court finds was a good-faith effort to comply with what they considered to be the terms of the statute. In other words, a good-faith effort to comply with the notice requirement distinguishes this case from cases in which the lower courts have granted preclusion prior to trial (see, People v Clarke, supra, and Matter of Damon R., supra, where no effort at all was made to serve notice). Accordingly, for these two reasons the court finds “good cause” and grants the prosecution’s application to serve an appropriate CPL 710.30 notice upon the defense.
*142 It is important to note that this finding of “good cause” by the court to permit later service of the CPL 710.30 notice should not be construed as license to the prosecution to routinely serve CPL 710.30 notices beyond the 15-day time frame otherwise required by statute. In its finding of “good cause” in the instant case the court took into account the fact that the prosecution proceeded to serve notice under what this court found to be an erroneous interpretation of the removal statutes governing transfers of cases from criminal to Family Court. In future cases involving this same question of law, any argument by the prosecution that it served a CPL 710.30 notice in a good-faith attempt to comply with the statutory requirements would be much less compelling.
The prosecution is granted 15 days from the date of service of this order to serve a CPL 710.30 notice upon the defense, and the defense is granted a period of 30 days from the date of service of such CPL 710.30 notice to move to suppress the subject evidence.
The matter is otherwise set forth for trial on June 10,1985 in Part IV.