(April 25, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JONES, Appellant. — Harvey, J.

Defendant and his wife, Anna, were arrested on December 6, 1980 and charged with arson in the third degree. Anna gave a sworn statement to police admitting that she and her husband committed the crime. Defendant and Anna drove to the residence of the victim on December 5, 1980, and defendant waited in the car while Anna poured gasoline inside the victim's car and ignited it. As a result of the car burning, a nearby barn owned by the victim also sustained fire damage. Anna told police that she and defendant started the fire in retribution for false statements regarding Anna's chastity which were allegedly made by the victim.

Defendant was subsequently charged in a two-count indictment handed down on March 19, 1981 with arson in the third and fourth degrees. Defendant pleaded not guilty to the charges when he was arraigned on April 15, 1981. Thereafter, a plea was negotiated and, on January 19, 1982, defendant pleaded guilty to arson in the fourth degree in satisfaction of the indictment. He was sentenced to one year in jail.

The sole issue raised on this appeal is whether there was an unconstitutional denial of defendant's right to a speedy trial. Defendant concedes that, by virtue of his guilty plea, he has waived his right to claim that the People failed to meet the readiness for trial provisions contained in CPL 30.30 (*People v Suarez,* 55 NY2d 940). Further, County Court properly denied defendant's motion for dismissal of the indictment predicated on the grounds of a violation of his constitutional right to a speedy trial. Delay does not automatically require dismissal of the indictment. The inquiry is a factual one, unique to each case (*People v Watts,* 57 NY2d 299, 302).

The factors to be considered include, *inter alia,* the extent of the delay, the reasons therefor and whether the accused has

been incarcerated during the delay (*People v Taranovich*, 37 NY2d 442, 445). Defendant's omnibus motion, including a demand for a bill of particulars, was made in April 1981 and decided on June 26, 1981, a fact which accounts for a substantial portion of the delay. Defendant was not incarcerated at any time after his arrest. Finally, it appears that the indictment was supported by most convincing evidence, including the sworn statement of defendant's wife. There has been absolutely no demonstration of prejudice to defendant as a consequence of the delay, a showing essential for the grant of so drastic a remedy as dismissal of the indictment (*see, People v Watts, supra,* pp 302-303; *People v Brown,* 83 AD2d 699).

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.