■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY A. SCHULZ, Appellant.—Judgment reversed, on the law, motion to suppress granted, and defendant remanded to Supreme Court, Cattaraugus County, for further proceedings on the indictment. All concur, Dillon, P. J., not participating. Memorandum: The People failed to comply with CPL 700.70, providing that wiretap evidence cannot be used at trial unless within 15 days of arraignment and before trial they have given the defendant a copy of the warrant and application. No extension of time was sought by the People. In resisting defendant's suppression motion, the People offered as good cause the fact that the documents were in the possession of officials of an adjacent county and were served as soon as they were received by the prosecutor's office and the further fact that because there was "confusion" between the documents required to be served pursuant to CPL 700.50 and those required by CPL 700.70, the prosecutor thought they had been served by the office of the Sheriff of Chautauqua County. We find that these excuses do not constitute good cause (*see, People v Briggs*, 38 NY2d 319). The tapes should have been suppressed (*People v Barnes*, 110 AD2d 1079). (Appeal from judgment of Supreme Court, Cattaraugus County, NeMoyer, J., at trial; Crowley, J., on suppression hearing—criminal sale of controlled substance, second degree.) Present—Dillon, P. J., Hancock, Jr., Denman, Green and Pine, JJ.