Samuel J. Silverman, J.
Defendant, indicted in this court for grand larceny in the second degree, based on alleged theft of public records, and related offenses, moves to suppress (a) evidence obtained on search of the defendant’s person (including documents in a brief case in his possession) at the time of his arrest on April 5, 1963; and (b) evidence obtained on a search of defendant’s apartment pursuant to a search warrant dated April 5, 1963.
In the course of the hearing, defendant’s attorney limited the motion so as to make it applicable only to documents which were not the property of the State Liquor Authority and to a certain blackjack found in the defendant’s apartment. While it is not at all clear ¡that either such documents or the blackjack will be offered in evidence at the trial in this court, it is impossible to predict this with certainty. (In the New York City Criminal Court, where defendant is being prosecuted for unlawful possession of the blackjack, the blackjack would of course be a crucial piece of evidence.)
*47 1. The Search Incident to the Arrest: Defendant was arrested without a warrant on April 5, 1963 following a transaction in which he sold or purported to sell a certain State Liquor Authority Report to police officers for $150. No issue is raised by the defendant as to the lawfulness of the arrest.
Defendant was taken to the police station where he was required to empty the contents of his wallet on a table, and his brief case was gone through by the police.
(a) The contents of defendant’s wallet, whatever they were, were returned to him, and no claim is made as to them.
(b) There was questioning before me about four white envelopes said to be in the brief case and to contain medical information with respect to the defendant and his wife. There is no evidence before this court that these envelopes were taken or examined or indeed even that they existed. The District Attorney stated in open court that if any such documents were at the Police Property Clerk’s, the District Attorney would sign a release to the effect that the District Attorney had no use for the documents and did not object to their return of defendant.
(c) The brief case contained certain State Liquor Authority Reports which the police seized. No claim is made as to these documents.
(d) The claim on this branch of the motion is thus limited to certain papers referred to by defendant’s counsel as defendant’s “ private papers (i) There was a photostatic copy of a confidential State Liquor Authority Report dated May 17, 1962 relating to one Sonny Franzese, said to be an underworld character. It is not clear whether any claim is made as to this photostat. (ii) There were also included in the brief case two memoranda prepared by defendant and apparently based at least in part on State Liquor Authority documents. One of these is apparently a copy of a memorandum from the defendant to William Barlow, Esq., counsel to the New York City Department of Licenses, apparently summarizing information in the confidential report of which (i) is a photostat. The other is apparently at least in part a summary of certain information contained in various public documents about the ownership and patronage of a certain restaurant.
In Harris v. United States (331 U. S. 145, 154 [1947]) the Supreme Court thus defined the distinction between documents which may be seized under a search and those which may not: ‘1 This Court has frequently recognized the distinction between merely evidentiary materials, on the one hand, which may not be seized either under the authority of a search warrant or during the course of a search incident to arrest, and on the other *48 hand, those objects which may validly be seized including the instrumentalities and means by which a crime is committed, the fruits of crime such as stolen property, weapons by which escape of the person arrested might be effected, and property the possession of which is a crime. * * * Certainly this is not a case of search for or seizure of an individual’s private papers, nor does it involve a prosecution based upon the expression of political or religious views in such papers.”
I hold that these memoranda prepared by the defendant (item d[ii] above), as well as the photostatic copy of the report if the motion is áddressed to that, are not the defendant’s “ private papers ” or “ merely evidentiary materials ” but are rather “ the fruits of crime ”, 'being copies, exact or summarized, of documents which defendant was not entitled to have in his possession, and being very closely related to such documents. Accordingly the motion must fail insofar as it relates to documents obtained on the search incident to the arrest.
2. The Search Pursuant to the Search Warrant: As to the search pursuant to the search warrant of April 5,1963, objection is made (a) that the warrant was not validly issued, being based on a false affidavit executed by the police officers; and (b) that the officers exceeded their authority in executing the warrant — ■ specifically that they opened a dresser drawer of the defendant’s in his bedroom, and there found and removed a blackjack.
The uncontradicted evidence is that when defendant was arrested on April 5, 1963 following the transaction in which he is alleged to have attempted to sell confidential State Liquor Authority documents to the police officers posing as representatives of Sonny Franzese, the defendant told the police officers that he had obtained the documents from the State Liquor Authority office, that nobody had given him permission to take them, and that he had stolen them. He further told a police officer that he had more State Liquor Authority records at his home that he had taken from the State Liquor Authority, and that nobody had given him permission to take those records. I find that these conversations did take place.
State Liquor Authority officials told the police officers that defendant did not have authority or permission to have the confidential Sonny Franzese report.
The affidavit of the police officer on which the search warrant was granted stated that he had information based on admissions made to him by defendant that defendant was .in possession of official records of the State Liquor Authority which he unlawfully removed from the offices of the State Liquor Authority and secreted in his apartment. I hold that the conversations *49 between defendant and the police officer were a sufficient basis for the assertions made in the affidavit, that there was probable cause for the issuance of the search warrant, and, accordingly, that the search warrant was validly issued.
The search warrant directed an immediate search of defendant’s apartment for official records of the State Liquor Authority.
No objection is made as to State Liquor Authority records found and seized pursuant to the search warrant.
Objection is however made that the officers executing the search should not have looked in a dresser drawer. But the testimony is that State Liquor Authority papers were found in various rooms in the apartment. The dresser drawer was not an unreasonable place to look for documents. There is no evidence that the police were looking for anything other than State Liquor Authority documents when they opened the drawer. I hold that the police, in the execution of the search warrant, had a lawful right to open the dresser drawer.
Having lawfully opened the dresser drawer, the police saw in the dresser drawer, among other things, a blackjack. The police seized the blackjack along with a leather holster and some rounds of ammunition. The police asked the defendant where he obtained these and he said that the holster and the blackjack had been given to him by a military officer for whom he worked during the war and that he had used the blackjack during the course of investigations for the military.
The blackjack was of course not specified in the search warrant. But there is no requirement that evidence shall be suppressed unless specified in a search warrant or obtained in any particular way. On the contrary, all relevant and competent evidence is prima facie admissible; exclusion is the exception and must be justified by an affirmative showing that the evidence was obtained illegally.
Subdivision 3 of section 1897 of the Penal Law makes possession of a blackjack a misdemeanor. Section 1899 (now 1901) of the Penal Law declared blackjacks (among other weapons) to be nuisances, and required their surrender to the Commissioner of Police for destruction.
It thus appears that police officers, lawfully executing a search warrant for documents, saw a weapon, possession of which was presumptively unlawful, and a nuisance. The weapon — the blackjack — was not covered by the search warrant. But these were police officers; their duty was not limited to executing a search warrant. They had duties also in the preservation of the peace and the enforcement of the criminal laws including sec *50 tians 1897 and 1899 of the Penal Law, relating to unlawful possession of weapons.
Harris v. United States (331 U. S. 145, supra) seems peculiarly applicable. On arrest warrants charging violation of the mail fraud statute, Federal agents arrested defendant in the living room of his apartment. They searched the whole apartment looking for certain cancelled checks involved in the alleged mail fraud. Under some clothes in a bedroom bureau drawer, they discovered a sealed envelope marked “personal papers” of the defendant. They tore this envelope open and found several draft cards in it. Upon the evidence of these draft cards, defendant was prosecuted and convicted for violation of the Selective Training and Service Act. The court sustained the validity of the search and the use of the documents saying (pp. 154-155): “ Nor is it a significant consideration that the draft card's which were seized were not related to the crimes for which petitioner was arrested. Hipre during the course of a valid search the agents came upon property of the United States in the illegal custody of the petitioner. It was property of which the Government was entitled to possession. In keeping the draft cards in his custody petitioner was guilty of a serious and continuing offense against the laws of the United States. A crime was thus being committed in the very presence of the agents conducting the search. Nothing in the decisions of this Court gives support to the suggestion that under such circumstances the law-enforcement official's must impotently stand aside and refrain from seizing such contraband material. If entry upon the premises be authorized and the search which follows be valid, there is nothing in the Fourth Amendment which inhibits the seizure by law-enforcement agents of government property the possession of which is a crime, even though the officers are not aware that such property is on the premises when the search is initiated.”
The defendant relies upon some statements in People v. Defore (242 N. Y. 13 [1926]). This case, which has of course been overruled on its main point by Mapp v. Ohio (367 U. S. 643 [1961]), still remains a classic discussion of the problem. The discussion in People v. Defore, insofar as it is critical of the officers’ conduct, proceeded on the theory that the search was illegal and an outcome of a trespass. In the case at bar, however, the search was legal and not the result of a trespass. Accordingly, the following language in People v. Defore, also relating to the seizure of a blackjack found in the defendant’s room, becomes applicable (242 N. Y. 13, 18): “ The People stress the fact that the weapon was contraband, a nuisance subject to destruction *51 (Penal Law, § 1899). This might have justified the seizure, the abatement of the nuisance, if the weapon had been exposed to view. It might even have justified the refusal to return the weapon, though discovered by unlawful means.”
The defendant points to section 809 of the Code of Criminal Procedure which provides: “ Property, when to be restored to person from whom it was taken. If it appear that the property taken is not the same as that prescribed in the warrant * * * the judge, justice or magistrate must cause it to be restored to the person from whom it was taken, unless otherwise subject to being retained in lawful custody.”
On the strength of this, the defendant asks for the return of the blackjack. It is a sufficient answer that the blackjack is “ otherwise subject to being retained in lawful custody ” in view of sections 1897 and 1899 (now 1901) of the Penal Law.
The motion, therefore, also fails as to that branch of it which relates to the blackjack and anything else seized on the search pursuant to the search warrant. The motion is in all respects denied.