■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES LEATHERS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated April 27, 1967, which denied the application without a hearing. Order affirmed. We find no merit to the claim that the prosecution could not contest the testimony of defendant's alibi witness because the witness had been used by the prosecution in convicting defendant of a different unrelated crime. We are also of the opinion that there is no merit to the claim that defendant should have been given additional time to produce other alibi witnesses. That issue was ruled on in the appeal from the judgment and found to be without merit (*People* v. *Leathers*, 24 A D 2d 704). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. TYDE MOSS, Respondent.— Appeal by the People from an order of the Supreme Court, Westchester County, dated November 19, 1969 (erroneously referred to in the notice of appeal by the date of February 18, 1969), which, after a hearing, granted defendant's motion to suppress certain evidence and to dismiss the indictment. Order reversed, on the law and the facts, and defendant's motion denied. In our opinion, although the search warrant authorized the seizure of narcotics, and nothing else, and although only a small and unindictable quantity of narcotics was unearthed on the officers' search in pursuance of the authority granted to them by the search warrant, nevertheless, their simultaneous discovery of weapons which constituted contraband, the mere possession of which was a crime, served as a legal predicate for defendant's arrest and the use of the contraband as evidence against him (*Harris* v. *United States*, 331 U. S. 145; 154; *Abel* v. *United States*, 362 U. S. 217, 235, 237, 238; *Sibron* v. *New York*, 392 U. S. 40, 77 [concurring opinion by Mr. Justice HARLAN]). An officer, armed with a warrant, is not restricted to seizing only those items listed in the warrant, but also may seize unlisted items which constitute instrumentalities of crime (*People* v. *Hendricks*, 45 Misc 2d 7, 11–12; *People* v. *Reinhardt*, 42 Misc 2d 45, 50–51). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CAROL PISONE, Also Known as CAROL JEAN CIPULLY, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered June 7, 1968, convicting her of criminal possession of a dangerous drug in the third degree (a class E felony), upon her plea of guilty, and sentencing her to a reformatory term of imprisonment. Judgment modified, on the law and the facts and in the exercise of discretion, so as to provide that the execution of defendant's sentence, which is indeterminate, with a maximum of four years (Penal Law, §§ 75.00, 75.10, subd. 1), be suspended, and defendant placed on probation for four years, unless sooner terminated by the court (Penal Law, § 65.00, subd. 3, par. [a]; Code Crim. Pro., § 934). As so modified, judgment affirmed. Case remanded to the County Court for imposition of the conditions of the probation (Penal Law, § 65.00, subd. 2, § 65.10). In our opinion, under the circumstances herein, justice would be better served by placing defendant on probation. Rabin, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur.