■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NANCY A. SKOKAN, Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered August 13, 1974, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fifth degree (two counts) and possession of weapons and dangerous instruments and appliances. On this appeal defendant contends (1) that the search warrant upon which contraband material was obtained from her apartment was issued without probable cause; (2) that an admission of her codefendant husband into evidence was without notice in accordance with the provisions of CPL 710.30; and (3) that she was denied a fair trial. The judgment of conviction should be affirmed. The warrant in question authorized the search of premises occupied by defendant's husband and was issued to discover and seize a nine millimeter handgun believed to have been used as a murder weapon. The affidavits supporting the warrant were made by named witnesses who had observed a nine millimeter handgun in the possession of defendant's husband about one week prior to the victim's death. These affidavits and additional supporting documents established probable cause for the issuance of the warrant *(United States v Ventresca,* 380 US 102; *People v Marshall,* 13 NY2d 28). Accordingly, the contraband material actually discovered in the course of that search was properly seized *(People v Moss,* 34 AD2d 986). The purported admission made by the codefendant was first elicited by the People as part of their rebuttal case against the defendant's husband upon the question of his credibility. Under the circumstances, such testimony was clearly admissible *(Harris v New York,* 401 US 222) and CPL 710.30 was not applicable. Defendant's contention that she was denied a fair trial is totally without merit, and the various assertions of error, if indeed they could be considered error, would not be of any significance in the face of such overwhelming proof of guilt *(People v Crimmins,* 36 NY2d 230). Judgment affirmed. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.