■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL BARRIE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 19, 1978, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. Defendant was charged with criminal possession of stolen property in the second degree. A person commits such crime when "he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof, and when: 1. The value of the property exceeds two hundred fifty dollars" (Penal Law, § 165.45). The People's proof at trial established without question that the defendant did possess an envelope containing stolen property, a check, the value of which exceeded $250, that he presented the envelope to a man at a fencing operation which was run by the police department and that he was offered money therefor. What was placed directly into issue, however, by defendant's trial testimony and the statements he had made to the police, was whether defendant actually knew that there was a check in the envelope he handed to one of the undercover officers, and if he did know the envelope contained a check, whether he knew that it was stolen. The pertinent penal statute permits jurors to infer intent from an accused's knowledge (Penal Law, § 165.55, subd 1). Accordingly, whether defendant actually was possessed of the knowledge necessary to commit the crime he stood charged with was an issue most vital to the determination of his guilt or innocence. In that portion of its charge dealing with defendant's knowledge, the trial court instructed the jurors that they could find that defendant had guilty knowledge if they believed that "all the facts and circumstances surrounding the receipt of the [allegedly stolen] goods would require a reasonable man to make inquiry, and *that the defendant failed to follow up the inquiry for fear that he would learn the truth and know the goods were stolen*" (emphasis added). The emphasized direction allowed the jurors to impose upon defendant a statutory presumption which is limited to pawnbrokers and persons in the business of buying, selling or otherwise dealing in property (see Penal Law, § 165.55, subd 2). Such an instruction, under the circumstances here involved, was improper (see *People v Von Werne,* 41 NY2d 584, 588-590). In addition, the trial court's charge as to the statutory presumption of intent which flows from a defendant's guilty knowledge that the property he possessed was stolen, was flawed by the fact that, as explained by the court, such presumption was irrebuttable and conclusive. By not permitting the jurors the opportunity of considering whether such presumption or inference should be drawn, the trial court violated the principles set forth by the United States Supreme Court in *Sandstrom v Montana* (442 US 510). A new trial with proper instructions as to defendant's knowledge and intent to commit the crime charged is necessary. Though it is true, as the People argue, that the defendant failed to object to these improprieties in the charge, the proof of defendant's guilt is not so overwhelming that the questionable and wrongful consideration of these central issues may be overlooked and the incorrect charge written off as harmless error. Accordingly, we exercise our jurisdiction to consider these claims in the absence of such timely objection in the interest of justice. While a trial court may question a witness to clarify an issue or to facilitate

the orderly and expeditious progress of a trial *(People v De Jesus,* 42 NY2d 519; *People v Ellis,* 62 AD2d 469, 470), it is our opinion that the trial court erred in the degree and in the manner in which it interjected itself into the questioning of witnesses. Finally, though not constituting reversible error in and of itself, we wish to caution the prosecutor as to the need to properly and timely serve an accurate and truthful statement of intention to utilize a defendant's statement pursuant to CPL 710.30. Although we would not preclude the use of the statements in question here by reason of the prosecutor's omission in this respect, to the extent permitted by the trial court, we do not approve of the practice of not informing a defendant of such intention, merely because the People will utilize such statement for the limited purpose of cross-examination (see *People v Spatarella,* 34 NY2d 157, 162; *People v Skokan,* 50 AD2d 615; cf. *People v Spruill,* 47 NY2d 869). If the People are aware of any such statements and they intend to utilize them at any time during trial, such intention should be disclosed at the appropriate time. Titone, J. P., Gibbons, Cohalan and Martuscello, JJ., concur.