■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLYDE BROWN, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered January 18, 1982, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Defendant was charged in a three-count indictment with robbery in the first degree and two counts of assault in the first degree, stemming from the robbery and beating of a cab driver by a gang of about 12 men on March 17, 1981. On appeal, defendant, *inter alia,* challenges (1) the finding of the hearing court that a statement he allegedly made to a detective was voluntary and (2) the late notice given to him of the People's intent to use such statement at trial. We affirm. The hearing court's finding and conclusion that defendant had been given his constitutional warnings are supported by the evidence (see *Miranda v Arizona,* 384 US 436). The court resolved the credibility issue in the People's favor, and defendant's mere allegation that he was the sole teller of the truth is insufficient to mandate reversal particularly in light of the weight to be accorded the court's findings (see, e.g., *People v McMillian,* 56 AD2d 662). Moreover, although notice of the People's intent to introduce at trial the defendant's statement was not made within 15 days of his arraignment as required by CPL 710.30 (subd 2), defendant nonetheless received ample pretrial notice, moved to suppress the statement, and had his motion denied. Under these circumstances, suppression

is not warranted (CPL 710.30, subd 3; *People v Anderson,* 80 AD2d 33; *People v Jones,* 69 AD2d 912, affd 51 NY2d 915). Accordingly, defendant's statement was properly ruled admissible. We have reviewed defendant's other contentions and find them to be without merit. Mangano, J. P., Bracken, Brown and Boyers, JJ., concur.