OPINION OF THE COURT
Richard S. Lane, J.
Defendant moves to preclude his statements for the failure of the People to serve notice of intention to use within 15 days after arraignment as required by CPL 710.30. Defendant was arraigned on November 9, 1982. Notice was not given until service of the voluntary disclosure form in late January, 1983.
The People concede failure to comply with the statute but argue under the “good cause” exception contained therein. Factually the record reveals that defendant was given a desk appearance ticket for October 15, 1982 at the time of his arrest. He failed to appear and a warrant was issued. Thereafter on November 9 he voluntarily turned himself in, was arraigned, and an adjournment was granted to November 23, to enable the People to investigate. On November 23 a plea offer was made and rejected and another adjournment granted to December 21 for defense motions.
On this record the People cannot be faulted because notice was not given on arraignment in accordance with *239 usual practice. They can be faulted because notice was not given on November 23 (within the statutory 15 days) when an Assistant District Attorney familiar with the case was present in court. Accordingly I reject the “good cause” argument.
There is another safety valve for the People contained in the statute if, despite the lack of notice, defendant makes a motion to suppress the statements and it is denied. And indeed the case appeared before me for a Huntley hearing which was held and denied by me. Defendant, however, maintained that the Huntley hearing was assigned by the Judge in the AP part, sua sponte, that he never sought the hearing (as is corroborated at least in his formal motion papers), and he pressed this motion prior to the commencement of the Huntley hearing. I reserved pending submission of formal papers and briefs. Accordingly this justification for the People’s position must also be rejected.
Finally the People argue lack of prejudice to the defendant.
Prior to 1976 the statute merely required service of notice of intention to use statements “prior to trial”, and understandably the People’s failure to comply therewith was treated harshly by the courts (People v Briggs, 38 NY2d 319). Since the statute was amended to its present form in 1976, there have been no published opinions in this department on point and I have been able to find only two in other departments. In People v Iveys (67 AD2d 349) in the Fourth Department, the notice was in fact not given until trial and judgment of conviction was reversed on the authority of the Briggs case (supra). In People v Brown (83 AD2d 699), the Third Department found that notice had been given in time so as not to frustrate the statutory purpose to permit a preparation of a challenge, if any, to the voluntariness of the statement. In effect the Third Department thus accepted the lack of prejudice argument propounded by the People here.
Again in the Fourth Department in People v Mark (68 AD2d 315) a judgment of conviction was reversed for failure to give timely notice. The statute involved there was CPL 700.70 pertaining to notice of an eavesdropping *240 warrant, but the court’s opinion covered in its critical sweep “cavalier disregard” of any part of CPL article 700. Interestingly CPL 700.70 was amended at the same time and in the same chapter as CPL 710.30 (L 1976, ch 194).
Reference to the text of the amendment and its legislative history demonstrates that the rule in the Third Department as set forth in People v Brown (supra) is sounder than the rule in the Fourth Department. In the amendment, the Legislature coupled the new time limitation on the giving of notices with respect to statements and eavesdropping warrants with an extension of defendants’ time for pretrial motions. As established in CPL 255.20 enacted in 1974 defendant had been given only until 45 days after arraignment for pretrial motions. Now it was extended until 45 days after the service of either of the above notices. It is thus apparent, and it is confirmed in the sponsor’s memorandum (NY Legis Ann, 1976, p 4), that the purpose of the amendment was to promote timely pretrial motions while at the same time protecting defendants’ rights to prepare a challenge to and seek suppression of evidence.
The court finds that defendant has been given ample opportunity to prepare and has suffered no prejudice by reason of the People’s failure to literally comply with CPL 710.30.
Motion denied.