OPINION OF THE COURT
Alan D. Marrus, J.
Should the People be precluded from introducing at trial a video taped statement that the defendant refused to take a breathalyzer test, where the People failed to serve formal notice pursuant to CPL 710.30 within 15 days of the arraignment but have served notice prior to trial and the defendant has not been prejudiced by the delay?
The court holds that the People should not be precluded from using this evidence.
On November 4, 1983, the defendant, Willie Weeks, was arrested and charged with the crime of driving while intoxicated. At his arraignment, the defendant was given a copy of the criminal complaint which includes the sentence “Deponent further states that defendant refused to take a breathalyzer test.” The Assistant District Attorney at the arraignment stated, however, that “no notices” were being served pursuant to CPL 710.30, which requires among other things that notice of intention to offer an admission or confession by the defendant be served within 15 days of the arraignment.
*541 On December 5, 1983, the defendant made an omnibus motion for discovery. In their response, dated December 23, 1983, the People declared “defendant made no statements.” Three months later, on March 16,1984, the People notified the defendant in writing that they were amending their response to the omnibus motion by adding, “The defendant stated that he refused to submit to a breathalyzer test.”
The defendant has now moved to preclude introduction of the statement as evidence at trial, alleging that the failure by the People to serve CPL 710.30 notice within 15 days of arraignment violates the CPL provision and requires preclusion because no good cause has been shown for the delay. The People answer that the reference in their complaint to the statement constituted sufficient notice and that in any event the defendant has not been prejudiced.
Notice by the People of an intention to offer an incriminating statement is required within 15 days of the arraignment. This period may be extended by the court “for good cause shown”. (CPL 710.30, subd 2.) Here the People have failed to satisfy either requirement.
Although the criminal complaint does allude to the defendant’s statement, the People informed defense counsel twice that there were no statements which they intended to offer at trial. Surely the defense has the right to rely on the statement of a prosecutor at arraignment that no notices were being served and the subsequent statement of a second prosecutor in writing that no statements of the defendant would be used. The District Attorney’s contention that the reference in the criminal complaint constitutes sufficient notice might be viable were it not for the specific and contradictory remarks of two prosecutors, one of whom put his disclaimer in writing.
Ambiguous statement notice does not satisfy the requirements of CPL 710.30. As the Court of Appeals has stated: “The issue is not a trivial or merely technical one. Prior statements, especially oral ones, to a police officer, are accorded high credibility by fact finders, jury or Judges. Whether in fact they were made, whether they were voluntary, and the precise form which they took may *542 be crucial to the determination of innocence or guilt.” (People v Briggs, 38 NY2d 319, 324.)
Nor have the People shown good cause for the delay in serving statement notice. Quite simply, the District Attorney has made a mistake and has now attempted to rectify the error.
Is the defendant therefore entitled to preclusion of the statement? Definitely not.
The purposes of the CPL 710.30 notice provision are “to give a defendant adequate time to prepare his case for questioning the voluntariness of a confession or an admission” and to afford “defense counsel an opportunity, prior to trial, to investigate the circumstances of the alleged fact and voluntariness of the purported statements and prepare the defense accordingly” (People v Briggs, supra, at pp 322-323). Prior to 1976, notice had to be served before trial. The 15-day requirement from arraignment “was done to hasten the pretrial proceedings and to conform with the intent of CPL 255.20.” (People v Bostic, 97 Misc 2d 1039, 1044.) Indeed, the defendant’s time for serving motions, normally 45 days from arraignment, is extended from the last date of service of notice. (CPL 255.20.) Thus, the essence of the notice requirement is to permit “an orderly hearing and determination of the relevant issues, thereby preventing the interruption of trial to challenge initially the admission of the statements into evidence” (People v Anderson, 80 AD2d 33, 36).
The defendant’s contention, therefore, that “15 days means 15 days” exalts form over substance. The language of CPL 710.30 (subd 2) cannot be read in a vacuum. Several factors must be considered:
(1) has the District Attorney acted in good faith or bad faith?
(2) has proper notice been served before trial or during trial?
(3) has the defendant been materially prejudiced by the delay?
Here there is no question that the District Attorney has acted in good faith. The error in serving timely notice has *543 been the product of the volume of cases and paperwork with which the District Attorney is confronted.
The proper notice has been served before trial. This is not a case where a trial must be disrupted because of late notice. (See, e.g., People v Spruill, 47 NY2d 869.)
Finally, no prejudice has been shown by the defendant. He still may move to suppress the statement. Nor has he alleged any inability to adequately prepare for trial. Several recent cases have held, moreover, that the absence of prejudice is fatal to a motion to preclude the use of evidence which is the subject of a belated statement notice. (People v Brown, 92 AD2d 939; People v Brown, 83 AD2d 699; People v Merced, 119 Misc 2d 238.)
In denying the motion to preclude, the court notes that the failure of the District Attorney to give timely statement notice here is an aberration. In the overwhelming majority of cases, timely notice is served. To punish the People by precluding critical evidence in a driving while intoxicated case for an isolated good-faith error which has been rectified prior to trial without prejudice to the defense would violate the spirit of the CPL 710.30 requirement, fly in the face of prevailing case law and defy common sense.
The motion to preclude is denied.