■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON BOWDEN, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered June 23, 1983, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant was an inmate at Elmira Correctional Facility serving a sentence for attempted robbery. His instant conviction stems from the discovery of a 9- or 10-inch metal shank in the bed mattress of the cell in the facility's hospital housing unit which defendant had just previously vacated. Defendant was found guilty after a jury trial and was sentenced to an additional 3½ to 7-year term of imprisonment to run consecutively to the sentence he was then serving.

Defendant's first point on appeal relates to the trial court's *Sandoval* ruling. Defendant's previous record consisted of the attempted robbery conviction entered on a plea of guilty in full satisfaction of charges of armed robbery, rape and sodomy, and a youthful offender adjudication rendered in connection with charges of burglary, criminal possession of stolen property and of a controlled substance. The trial court determined that defendant could be impeached regarding the crimes underlying the attempted robbery conviction, but not as to the offenses related to the youthful offender adjudication. We find no basis for reversal in the foregoing rulings. Clearly, the trial court's decision reflects an actual exercise of the discretion required in a *Sandoval* hearing (cf. *People v Williams,* 56 NY2d 236). Nor do we find any abuse in the manner in which such discretion was exercised. The prior crimes were not at all similar to the charge at issue at the trial; thus, there was little if any risk that the jury might have considered them as evidence of defendant's predisposition to commit the crime charged. It is true that the crimes the prosecution was permitted to inquire into were serious in nature and that, therefore, a potential for prejudice existed in that the jury could have viewed defendant as a person deserving of additional punishment. However, since the indictment charged defendant's involvement with prison contraband, disclosure of the existence of prior criminal activity on his part was unavoidable. The record establishes that defendant's prior offenses were vicious and deliberately committed. As such, they

were highly probative as to defendant's credibility (see *People v Bennette,* 56 NY2d 142, 148). These factors provided sufficient justification for the discretion exercised by the trial court.

Equally without merit is defendant's contention that the trial court erred in permitting the prosecution to use an oral statement of defendant for impeachment purposes, although notice of intention to use the statement had been given within the time constraints of CPL 710.30. The prevailing weight of authority holds that section inapplicable when the prosecution neither intends to use nor uses the statement as evidence-in-chief, but only to impeach a defendant's credibility on cross-examination (*People v Harris,* 25 NY2d 175, 177-178, affd 401 US 222; *People v Webb,* 97 AD2d 779; *People v Skokan,* 50 AD2d 615; but see *People v Barrie,* 74 AD2d 576, 577). In any event, defendant did receive notice and was afforded a suppression hearing concerning the statement on the eve of trial and, under these circumstances, the failure to strictly comply with CPL 710.30 is not cause for reversal.

Finally, defendant points to certain comments in the prosecutor's summation as a basis for reversal. However, this issue was not preserved for review by timely objection or requests for corrective instructions. Since the record is otherwise unblemished and the proof of defendant's guilt is clear, we decline to exercise our discretionary authority to reverse (CPL 470.15, subd 6).

Judgment affirmed. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.