■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SWANTON, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered December 20, 1983, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion to suppress certain pretrial statements made by him to the police.

Judgment affirmed.

In this case the defendant made three statements to the police, two of which were given to the arresting officer and one of which was given to an investigating detective. Although the People failed, within 15 days after defendant's arraignment as required by CPL 710.30 (subd 2), to provide him with notice of the two statements he had made to the arresting officer, exclusion of those statements is not required under the circumstances at bar. There is no evidence that this late notice prevented defense counsel from adequately preparing to challenge the admissibility of the statements at the *Huntley* hearing, after which the suppression motion was denied and the statements were ruled to be admissible (see CPL 710.30, subd 3; *People v Brown,* 92 AD2d 939; *People v Brown,* 83 AD2d 699; *People v Anderson,* 80 AD2d 33; *People v Weeks,* 123 Misc 2d 540; *People v Merced,* 119 Misc 2d 238). We see no reason to disturb the findings of the Judge who presided at the suppression hearing that all three of the statements that defendant gave to the law enforcement authorities were made voluntarily after he knowingly and intelligently waived his constitutional rights to counsel and to remain silent (see *People v Armstead,* 98 AD2d 726). There was no direct evidence that defendant was under the influence of drugs at the time he made the statements, nor did his mental state prevent him from comprehending the *Miranda* warnings, knowingly and intelligently waiving the constitutional rights set forth therein, and making voluntary and reliable statements (see *People v*

*Schompert,* 19 NY2d 300, cert den 389 US 874; *People v Woods,* 89 AD2d 1022). Titone, J. P., Mangano, Weinstein and Brown, JJ., concur.