OPINION OF THE COURT
Steven W. Fisher, J.
This motion and cross motion arise out of the People’s failure to serve, within 15 days of arraignment, notice of their intention to offer at trial evidence that the defendant made a statement following his arrest (see, CPL 710.30). In this case, notice was not given until some nine months after the defendant’s arraignment, and the District Attorney candidly concedes that the failure to give timely notice was the result of simple inadvertence. With equal candor, however, the defendant concedes that the delay in serving the notice has caused him no prejudice, as he has had an ample opportunity to prepare and file a motion to suppress the statement on constitutional grounds.
The precise issue presented, therefore, is whether, even in the absence of prejudice to the defense, CPL 710.30 requires *433 preclusion of evidence of the defendant’s statement where the People cannot offer good cause for their failure to give statement-notice within 15 days after the defendant’s arraignment.
The underlying facts are largely undisputed. On July 21, 1984, the defendant was arraigned on a felony complaint charging him with assault in the second degree, attempted burglary in the first degree, and criminal possession of a weapon in the fourth degree. No notice pursuant to CPL 710.30 was served at the arraignment. On August 28, 1984, the People moved to reduce the two felony charges to assault in the third degree and attempted criminal trespass in the second degree. Again no notice of any statement was served.
Notwithstanding the People’s failure to serve such notice, however, the defendant served a "demand for discovery” in which he sought disclosure of "[a]ny written, recorded or oral statement of the defendant * * * made to a public servant * * * or to a person then acting under his direction or in cooperation with him” and "[a]ny tapes or other electronic recordings which the prosecutor intends to introduce at trial”. As to the first demand, the prosecutor answered: "None known to the People”; as to the second, his response was: "Not applicable”.
The case did not quickly proceed to trial. Plea negotiations continued. Adjournments were required as the case was reassigned from one Assistant District Attorney to another, and from one Legal Aid attorney to another. There was apparently some difficulty in obtaining certain relevant medical records and, once they were secured, defense counsel required additional time to study them. On at least one occasion, an adjournment was necessary because defense counsel was engaged in another trial.
In any event, when the case appeared in a trial part on May 2, 1985, the Assistant District Attorney informed defense counsel for the first time that the defendant had indeed made a statement following his arrest, and that the statement had been videotaped. The assistant provided counsel with the substance of the statement, informed him of the People’s intention to offer it as evidence at trial, and arranged to have him view the videotape. The case was then adjourned for the filing of appropriate motions.
As a consequence, the People now formally move for permission to serve late notice pursuant to CPL 710.30. The defendant, relying on the same statute, cross-moves to preclude *434 introduction of the statement for failure to serve timely notice. The defendant additionally seeks suppression of the statement on the ground that it was taken in violation of his constitutional rights.
In their application, the People candidly state that their failure to serve timely notice and their inaccurate responses to the defendant’s demand for discovery "were inadvertent good faith errors due to the number of motions that [the assigned Assistant District Attorney] had to answer prior to his transfer to [another bureau] of the District Attorney’s Office which was imminent at that time.”[1] The People argue, however, that, where notice is given prior to trial and where the delay in service has caused the defendant no prejudice, the severe remedy of preclusion is unwarranted.
The defendant contends that the absence of prejudice is irrelevant. He maintains that CPL 710.30 mandates preclusion whenever timely notice has not been served unless the People demonstrate good cause for their failure to comply with the statute.
CPL 710.30 provides in pertinent part:
"1. Whenever the people intend to offer at a trial * * * evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20 * * * they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.
"2. Such notice must be served within fifteen days after arraignment and before trial, and upon such service the defendant must be accorded reasonable opportunity to move before trial * * * to suppress the specified evidence. For good cause shown, however, the court may permit the people to serve such notice thereafter and in such case it must accord the defendant reasonable opportunity thereafter to make a suppression motion.
"3. In the absence of service of notice upon a defendant as *435 prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon trial unless he has, despite the lack of such notice, moved to suppress such evidence and such motion has been denied and the evidence thereby rendered admissible”. (Emphasis supplied.)
There is uniform agreement that this statute and its predecessor (Code Crim Pro § 813-f) were intended to avoid surprise and to give a defendant an adequate opportunity to prepare and file an appropriate pretrial suppression motion (see, e.g., People v Greer, 42 NY2d 170, 178; People v Briggs, 38 NY2d 319, 322; People v Harris, 25 NY2d 175, 177, affd 401 US 222; People v Ross, 21 NY2d 258, 262; see also, Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.30, pp 113-114). Plainly, that purpose has been fulfilled in this case as the defendant, claiming no prejudice, has had an adequate opportunity to prepare a motion challenging the voluntariness of the statement. In my view, however, the inquiry cannot end there for, were it otherwise, the statute would be rendered virtually meaningless. The prosecution could, without sanction, reveal the existence of a statement even on the eve of trial provided only that an adjournment were granted — undoubtedly chargeable to the defense (see, CPL 30.30 [4] [a]) — to permit the preparation and submission of a motion to suppress.
It is simply untenable to suggest, as the People apparently do, that motions to preclude under CPL 710.30 ought to turn solely upon whether or not the statute’s underlying purposes appear to have been satisfied in the particular instance. The Legislature has seen fit to advance those purposes and to promote an orderly and prompt resolution of pretrial motions through the enactment of a specific statutory timetable (see, People v Briggs, supra, at p 323; People v Merced, 119 Misc 2d 238, 240 [Crim Ct, NY County, Lane, J.]). The People’s approach would frustrate that legislative design because it would "condone and encourage noncompliance in the prosecutor’s office and * * * undermine the salutary purposes of the statute.” (People v Briggs, supra, at p 324.) Accordingly, I reject the argument that the absence of prejudice to the defendant’s ability to prepare and submit a motion to suppress is dispositive (see, People v Clarke, 121 Misc 2d 1081 [Crim Ct, Kings County, Cammer, J.]; cf. People v Merced, supra; People v Weeks, 123 Misc 2d 540 [Crim Ct, NY County, Marrus, J.]).
That is not to say, however, that the absence of prejudice is always irrelevant. Where the People have demonstrated some *436 good cause for their failure to comply with the statute, the court is empowered, but is not obligated, to grant leave to serve late notice (see, CPL 710.30 [2]). In such cases prejudice assumes great significance because the determination as to whether to permit late service will depend upon a balance between the reason for the failure to give timely notice and the prejudice caused to the defendant by such failure (see, People v Briggs, supra, at p 323).
Moreover, although the case law in the area does not appear to be entirely consistent, there is support for the proposition that in certain narrowly defined circumstances— all involving an absence of prejudice to the defendant — a statement may be received at trial even though the People have offered no excuse for their failure to serve timely notice.
Where, for example, evidence establishes that the defense had actual notice, not merely of the existence of the statement, but of the prosecutor’s intention to introduce the statement at trial, the failure to serve timely notice, even in the absence of good cause, will not require preclusion (see, People v Michel, 56 NY2d 1014, 1015; see also, People v Costello, 101 AD2d 244, 249).
Additionally, preclusion is not required notwithstanding an inexcusable failure to serve timely notice where the statement in question is plainly voluntary (see, e.g., People v Greer, 42 NY2d 170, 178, supra; People v Roopchand, 107 AD2d 35, 37; People v Pray, 99 AD2d 915). This exception most often arises where, even after disclosure of the statement and of the circumstances surrounding it, the defendant does not aver that it was taken in violation of his constitutional rights (see, e.g., People v Spatarella, 34 NY2d 157, 163; People v Balschweit, 91 AD2d 1127).
Finally, preclusion is not required where, notwithstanding the People’s failure to serve timely notice, the defendant submits a motion to suppress and is afforded a pretrial hearing after which the motion is denied and the statement is ruled admissible (see, CPL 710.30 [3]; People v Swanton, 107 AD2d 829; People v Taylor, 102 AD2d 944, affd 65 NY2d 1; People v Brown, 92 AD2d 939; People v Brown, 83 AD2d 699; People v Anderson, 80 AD2d 33; cf. People v Spruill, 47 NY2d 869; People v Iveys, 67 AD2d 349; People v Guerrero, 111 AD2d 350).[2]
*437 Other than in these few circumstances, however, preclusion of a statement is mandated unless the People can demonstrate good cause for their failure to serve timely notice (People v Spruill, 47 NY2d 869, supra; People v Greer, 42 NY2d 170, 179, supra; People v Briggs, 38 NY2d 319, 323-324, supra; People v Guerrero, supra). And this is so without regard to the question of prejudice (see, e.g., People v Clarke, 121 Misc 2d 1081, supra; cf. People v Weeks, 123 Misc 2d 540, supra).
In the case at bar, there is nothing to suggest that defense counsel was aware of the existence of the statement, much less the intention of the prosecution to offer it at trial. Indeed, the People had affirmatively, if mistakenly, represented that there were no statements (see, e.g., People v Guerrero, supra). When apprised of the statement, counsel promptly prepared and submitted a motion challenging its voluntariness thereby obviating any claim that the statement was "plainly voluntary”. And, finally, the defense has interposed a preclusion motion prior to any pretrial hearing at which an adverse suppression ruling could be rendered. There are, then, no circumstances present which would dispense with the requirement that the People demonstrate good cause for their failure to comply with the statute.
It is not particularly surprising that, in an office the size of that of the Kings County District Attorney, which handles thousands of cases each year, a lapse of this kind occasionally occurs. Nevertheless, office failure, even when it is the result of a heavy workload, does not generally qualify as good cause within the meaning of the statute (see, People v Briggs, supra, at p 324; People v Spruill, supra; see also, Santobello v New York, 404 US 257). Thus, I hold that the People have failed to demonstrate requisite good cause for the nine-month delay in *438 serving notice and that, therefore, the statement must be precluded.
Lastly, I note that the weight of authority supports the view that a defendant’s statement, precluded under CPL 710.30 for failure to serve timely notice, may nevertheless be used to impeach the defendant should he take the witness stand and give testimony inconsistent with the statement (see, e.g., People v Rahming, 26 NY2d 411; People v Harris, 25 NY2d 175, 177-178, affd 401 US 222, supra; People v Bowden, 104 AD2d 695; People v Skokan, 50 AD2d 615; cf. People v Barrie, 74 AD2d 576; People v Torres, 32 AD2d 791). As there is no allegation here that the statement was taken in violation of the defendant’s traditional 5th Amendment rights, the People will be permitted, if appropriate, to use the statement as an impeachment device.
Accordingly, the People’s motion for leave to serve late notice pursuant to CPL 710.30 is denied. The defendant’s cross motion to preclude is granted to the extent that the People are prohibited from offering evidence of the statement in their case-in-chief. The defendant’s motion to suppress the statement is denied as moot.

. The People add that the answers provided "were not intended to prejudice defendant.” In this regard, I note that the defendant has never contended, nor is there any evidence to suggest, that the District Attorney’s failure to serve timely notice or his inaccurate responses to the defendant’s demand were in any way deliberate attempts to mislead, prejudice, or otherwise gain some advantage over the defendant (cf. People v Guerrero, 111 AD2d 350).

. I would note my view that this exception appears to place an unfair *437 burden upon the defendant. In order to avoid forfeiture of his preclusion remedy under CPL 710.30, he must move to preclude and have that motion resolved before pursuing a motion to suppress. The question arises as to the consequences to the defendant if his preclusion motion is improperly denied and if he is then unsuccessful in his motion to suppress. It seems unclear as to whether the adverse suppression ruling would undermine and eliminate the defendant’s claim under CPL 710.30. If so, a defendant who believes he has a meritorious claim to preclusion may be compelled to withdraw his suppression motion in order to preserve the preclusion claim for appellate review (see generally, People v Merced, 119 Misc 2d 238, 239). In any event, the preservation question would arise only if the defendant were convicted after trial since a preclusion claim, unlike an unsuccessful motion to suppress on constitutional grounds, is waived by a guilty plea (see, People v Taylor, 65 NY2d 1).