■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL NANCE, Also Known as WENDELL WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered March 1, 1983, convicting him of rape in the first degree, sodomy in the first degree, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant was convicted of the rape, sodomy and sexual abuse of a 13-year-old girl. His claim that the victim's eyewit-

ness testimony was insufficient to convict him beyond a reasonable doubt is without merit. It is clear that the testimony was highly reliable. The defendant was identified by both the victim and her mother from a photo array just two days after the incident. Moreover, he was again identified at a *Wade* hearing and then again at a trial by both women. Due to the horrifying circumstances of the attack, it is clear that the victim's attention was clearly focused on the defendant and there was ample time and good light during the attack. Moreover, the descriptions given by the victim and her mother were remarkably consistent and accurate. Under the circumstances, viewing the evidence in the light most favorable to the People, it is clear that the testimony of both eyewitnesses was credible *(see, People v Contes,* 60 NY2d 620). It is well settled that the accuracy of an eyewitness identification presents an issue of fact for the jury *(see, People v Dukes,* 97 AD2d 445). Here the jury observed and heard all the testimony and found that the People had met their burden of proving the defendant guilty beyond a reasonable doubt.

Finally, sentencing is a matter resting within the sentencing court's sound discretion *(see, People v Farrar,* 52 NY2d 302). In the instant case the sentence imposed cannot be termed excessive and will not be disturbed *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.