■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CLARK, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered July 2, 1985, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

Defendant was arrested on a charge of grand larceny in the third degree, stealing plywood from a lumber company, for which he was indicted on May 25, 1984. A year later, on the eve of trial, the People delivered a copy of an "oral admission report" to defense counsel. This report contained a statement, allegedly voluntarily blurted out by defendant in the presence of police officers and before *Miranda* warnings were administered, that, "I asked the kid how much the wood was and gave him one-hundred bucks. If you look in his pockets you will find a one-hundred dollar bill."

Defense counsel sought to have the statement suppressed because it had not been furnished within 15 days after arraignment *(see,* CPL 710.30 [2]). The prosecutor maintained the statement was exculpatory, hence no CPL 710.30 notice was required to be served, to which defendant responded that if exculpatory, it should have been made available in reply to his omnibus motion made and determined shortly after indictment wherein disclosure of *Brady* material was requested.

At the suppression hearing which was thereupon held, County Court ruled that the ambiguous nature of the statement, coupled with the prosecutor's sincere belief that it was indeed exculpatory, constituted "good cause" within the meaning of CPL 710.30 for the prosecution's delay. Before the court

issued its ruling that the statement could be used in the prosecution's case-in-chief, defendant rejected the court's offer to declare a mistrial to afford defendant additional time to prepare his defense, provided double jeopardy claims were waived. Upon completion of the suppression hearing, the trial proceeded forthwith and defendant was convicted. This appeal ensued.

Failure to strictly comply with CPL 710.30 is not cause for reversal for defendant received notice before trial of the People's intention to use the statement and was granted a suppression hearing with respect thereto *(see, People v Bowden,* 104 AD2d 695, 696). Moreover, with a view in mind to protecting the rights of both defendant and the prosecution, defendant was offered the option of a mistrial.

We are not unmindful of the special sensitivities presented where a prosecutor's office, as representative of the People, fails to adhere to statutorily imposed guidelines, but here, in significant contrast to *People v Briggs* (38 NY2d 319), the statement involved is not one which clearly inculpates the defendant. At best, the statement herein is only marginally probative of defendant's commission of the crime charged.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.