■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMILIANO AMPARO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Collins,

J.), rendered October 26, 1984, convicting him of robbery in the first degree, criminal use of a firearm in the first degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Convicted, along with four accomplices, of the robbery of the Nassau Travel Agency, the defendant now contends, *inter alia,* that the trial court erred when it failed to suppress an oral statement made by him to the police in which he admitted that he had been at the Nassau Travel Agency six months prior to the day of the robbery, and that he had intended to burglarize that building in order to obtain airline tickets, but had been prevented from doing so by a police officer who stopped and questioned him as to his presence in the area. The defendant asserts that he learned of this oral statement for the first time at the *Huntley* hearing, and that the prosecutor failed to show good cause for this late and unwritten notice. This contention is without merit. The purpose of the CPL 710.30 notice provision is to give a defendant adequate time to prepare his case for questioning the voluntariness of a confession or admission *(see, People v Greer,* 42 NY2d 170; *People v Briggs,* 38 NY2d 319). Any alleged inadequacy of the People's notice does not require exclusion of the statement where the defendant had a full opportunity to challenge the admissibility of the statement at the *Huntley* hearing, after which his suppression motion was denied *(see, People v Brooks,* 121 AD2d 392; *People v Swanton,* 107 AD2d 829; *People v Taylor,* 102 AD2d 944, *affd* 65 NY2d 1).

Moreover, the defendant's contention that he was "ambushed" at the trial by the prosecutor's reference to a computer printout of a field "interview" which revealed that the defendant had been in front of the Nassau Travel Agency six months prior to the date in question, intending to commit a burglary, is without merit. The defendant was well aware of the existence of the printout of the field interview at least from the time of the hearing, some 10 weeks prior to the trial, for at that proceeding the printout was placed into evidence and was made the subject of extensive cross-examination by the defense.

Additionally, the trial court properly refused to admit into evidence a tape recording that the defendant's wife had made of a telephone conversation in which one of the defendant's

accomplices and codefendants allegedly requested $15,000 to refrain from testifying against the defendant. On cross-examination, the witness was fully examined as to the conversation, and he denied making any such request. It is well settled that the cross-examiner is bound by the witness's answer on collateral matters. The party who is cross-examining a witness cannot introduce extrinsic documentary evidence or call other witnesses to contradict a witness's answers concerning collateral matters solely for the purpose of impeaching that witness's credibility *(see, People v Pavao,* 59 NY2d 282; *People v Ingrassia,* 118 AD2d 587; *People v Rivers,* 109 AD2d 758).

The record also indicates that there was sufficient corroborative evidence tending to connect the defendant with the commission of the robbery in support of the testimony of the three accomplice codefendants *(see,* CPL 60.22). The testimony of the witness Edelis Horvath was consistent with the accomplices' testimony and it met the corroboration standard of "establish[ing] that [the] defendant was connected with the crimes, not to the extent of proving him guilty of them, but sufficiently to satisfy the jury that [the accomplices were] telling the truth" *(People v Tillotson,* 63 NY2d 731, 733). Moreover, the defendant's own oral and written admissions and trial testimony sufficiently corroborate the testimony of the accomplices.

Also without merit is the defendant's claim that he was denied his right to effective assistance of counsel due to several alleged failures of trial defense counsel. Viewing the totality of the evidence, the law, and the circumstances of the case, the defendant received meaningful representation *(see, People v Satterfield,* 66 NY2d 796; *People v Smith,* 59 NY2d 156; *People v Baldi,* 54 NY2d 137).

Lastly, we note that the sentencing court properly considered all of the principles of sentencing before imposing sentence *(see, People v Suitte,* 90 AD2d 80), and did not abuse its discretion *(see, People v Davis,* 92 AD2d 177, *affd* 61 NY2d 202). In light of the defendant's active role as the main participant in the perpetration of the crime in question, the sentence imposed cannot be termed excessive and should not be disturbed *(see, People v Nance,* 118 AD2d 664; *People v Carolina,* 112 AD2d 244).

We have reviewed the defendant's remaining contentions, including those raised in his *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.