THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DOE, Appellant.

The defendant was observed by police selling cocaine to an informant on three occasions. The police obtained a search warrant, which later was determined to be jurisdictionally defective, and, on September 4, 1987, apprehended the defendant during his fourth appointment with the informant in a parking lot. As the police approached the defendant's car, they saw him kick a clear plastic bag under his seat. Upon being removed from the car, the defendant was read his *Miranda* rights and was arrested, along with his companion. A search of the defendant's vehicle revealed the presence of marihuana and white powder containing cocaine.

At the station house, the police again read the defendant his *Miranda* rights. After signing a form indicating his understanding of them, the defendant explained to the police how his drug retail operation worked, using a beeper with coded numbers. Various officers testified at a *Huntley* hearing that during this interview the defendant gave a detective his oral consent to search his apartment, explained how his locks and burglar alarm worked, and drew the police a diagram illustrating where his various caches of drugs were hidden. The defendant also identified his supplier and agreed to help the police apprehend him, which he did on the following day. Later that same night the defendant was interviewed on audiotape by the Town of Mamaroneck Police Commissioner, in the course of which he gave more details of his drug selling operation and reiterated his desire to cooperate with the police.

On the following morning, the defendant was arraigned and, without an attorney present, signed a consent form for a search of his apartment. A search of his apartment uncovered roughly $22,000 in cash, cocaine, psilocybin mushrooms, marihuana, hashish, and assorted drug paraphernalia.

The defendant pleaded guilty to criminal possession of a controlled substance in the third degree under a Superior Court Information. The defendant's plea was vacated on appeal on the ground that it was improper for the People to have prosecuted him under a Superior Court Information, and the matter was remitted to the County Court, Westchester County, for presentation to a Grand Jury.

Thereafter, the defendant was indicted, *inter alia,* for criminal possession of a controlled substance in the first degree, a

class A-I felony, in connection with the drugs found in his apartment, as well as for criminal possession of a controlled substance in the second degree, a class A-II felony, relative to the contraband found in his car. A hearing was held after which the court found, *inter alia,* that the defendant orally consented to the search of his apartment on September 4, 1987, and that therefore the written consent, which was signed after his right to counsel had attached the next day, was superfluous. Following the hearing, the defendant elected to be tried without a jury, and stipulated to the facts as presented at the hearing. The defendant was found guilty of all of the crimes charged.

On appeal, the defendant argues that he was not given timely notice pursuant to CPL 710.30 of his purported oral consent to the search of his apartment on the night of September 4, 1987, with the result that all testimony regarding it, as well as the evidence to which it led, should be suppressed. We disagree. CPL 710.30 applies only to statements which the prosecution intends to offer on its direct case at trial *(see, People v Goodson,* 57 NY2d 828; *People v Harris,* 25 NY2d 175, 177, *affd* 401 US 222; *People v Wilder,* 124 AD2d 846, 847; *People v Bowden,* 104 AD2d 695, 696; *People v Webb,* 97 AD2d 779).* Here the prosecutor indicated at the hearing that he did not intend to use the defendant's oral consent on his direct case at the trial, with the result that the contested statement does not fall within the ambit of CPL 710.30. In the case at bar, the only reason that this statement appears in the trial transcript is because the defendant stipulated to allow the hearing minutes to constitute the trial evidence. We note that the defendant received timely notice of the substance of the other statements allegedly made by him, including his written consent to search his apartment, and that he was given a full opportunity at the hearing to litigate the issue of whether the oral consent he gave on September 4, 1987, was voluntary *(see, People v Bowden, supra,* at 696).

Likewise unpersuasive is the defendant's suggestion that his arrest and the attendant search were invalid because the search warrant obtained by the police was jurisdictionally defective. The rule is well established that when multiple legal bases exist for the seizure of evidence, only one such basis need be sustained in order for the seizure to be deemed lawful. Because the police had seen the defendant sell drugs on at least three prior occasions, and because they had reason to know that he was in possession of drugs at the place and time of his arrest, the search was incident to a lawful arrest,

and the defective warrant was superfluous *(see, People v Arnau,* 58 NY2d 27, 34, *cert denied* 468 US 1217; 3 LaFave, Search and Seizure § 11.4, at 617).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Kunzeman, J. P., Sullivan, Eiber and O'Brien, JJ., concur.